No. 9679.

HEIRS OF ALLEN CASTLE VS. MRS. E. S. FLOYD ET ALS.

1. An heir, or the transferee of an heir, acquires the right the decedent possessed, to sue for the resolution of a sale for the non-payment of the purchase price; but same is necessarily restricted to the interest of such heir or transferree.

2. A right to sue for the enforcement of a vendor's lien, is different from that to sue for the resolution of a sale; and the former is not an auxiliary of the latter. This right does not pass to the purchaser of the vendor's notes, unless there be a special contract to that effect.

3. Neither the heirs of a deceased person nor the transferree, can sue for the resolution of a sale until previous tender has been made of the outstanding purchase notes, and such part of the price as may have been paid by the purchaser.
   Such a tender is a condition precedent to the institution of the suit.

APPEAL from the Sixteenth District Court, Parish of St. Helena. *Kernan*, J.

*Chas. E. Lea* for Plaintiffs and Appellants:

Actions to resolve the sale for non-payment of price prescribe only in ten years. And this term of prescription begins from maturity of first instalment, when the price is to be paid in instalments. 14 Ann. 340 ; 23 Ann. 355.

Minors cannot be prescribed against, except in cases provided by law. C. C. 3522 ; 33 Ann. 769.

In actions of resolution it is not necessary to put defendant in default. 28 Ann. 582, 740.

The vendor returns the portion of the price paid, and the vendee returns the thing with its revenues. 14 Ann. 340 ; 28 Ann. 584, 741.

Prescription against the heirs was suspended during their minority and commenced to run from the date of their respective majorities. C. C. 3522.

The resolutory condition creates a right not personal but heritable and transferable. C. C. 491, 2449.

The right to resolve the sale for non-payment of price, is a distinct and independent right from that of enforcing payment. 24 Ann. 537; 12 Ann. 701.

A party will not be permitted to shift his position to a contradictory one in order to defeat the action of the law. 5 Ann. 18; 2 Ann. 269; 18 Ann. 141; 28 Ann. 460.

### Marr & Kemp on the same side:

1. If the buyer does not pay the price of sale, the seller may sue for a dissolution of the sale. R. C. C. 2591.

2. In public sales the adjudication is the completion of the sale, the purchaser becomes the owner of the article adjudged and the contract is from that time subjected to the same rules which govern the ordinary contract of sale. R. C. C. 2608.

3. Where a purchaser at a judicial sale of property of minors fails to pay the price, the minors may sue for a dissolution of the sale; Jones vs. Crocker, 1 Ann. 440.

4. The vendor of a tract of land may enforce the resolutory condition against a third purchaser from his vendee. L. Bourgeois vs. L. Bourgeois, 23 Ann. 757; R. C. C. 3301. Stevenson vs. Brown, 32 Ann. 461.

5. Non-payment of the price constitutes a resolutory condition in the contract of sale and its effect is in no manner affected by the fact that the vendor has failed to preserve his privilege or mortgage by registry. 32 Ann. 461, Stevenson vs. Brown; 12 Ann. 694, Johnson vs. Bloodworth.

6. The action in resolution of a sale is one in revendication of the thing. The accomplishment of the condition giving rise to the action has retroactive effect to the day of sale things are put in the same condition as though the sale had not been made. R. C. C. 2041; Stevenson vs. Brown, 32 Ann. 461; Johnson vs. Bloodworth, 12 Ann. 699; 11 Ann. 654, George vs. Lewis; Thompson vs. Kilcreyse, 14 Ann. 340.

7. In actions on the resolutory condition no putting in default is necessary; they are not actions for damages for violation of a contract. Aymor vs. Delman, 28 Ann. 582.

8. The resolutory condition must not be confounded with the vendor's privilege. The former is not an appendage of the latter. Johnson vs. Bloodworth, 12 Ann. 699; George vs. Lewis, 11 Ann. 654.

9. The prescription against the action of resolution of contracts is ten years, commencing from the maturity of the price in case of contracts of sale. Jones vs. Crocker, 1 Ann. 440: R. C. C, 3544; George vs. Lewis, 11 Ann. 654.

10. Minors and persons under interdiction cannot be prescribed against except in the cases prescribed by law. Hooper vs Purse, 13 Ann. 340; 6 Ann. 109; R. C. C. 3522.

11. Prescription not completed at the ancestor's death is suspended not interrupted. Rowls vs. Rowls, 6 Ann. 695; Smith vs. Gibbons, 6 Ann. 684.

12. The right to exercise the resolutory action in cases of sale is transferable, and would pass by a sale of the vendor's right to the property by him previously sold and to which the resolutory condition was attached, this right is not personal to the vendor. R. C. C. 2449, 491, 2642; Torregano vs. Segura, 2 N. S. 159.

### M. A. Strickland, T. C. W. Ellis and J. E. Wilson for Defendants and Appellees:

1. The right to dissolve a sale for the non-payment of the purchase price is strictly personal to the seller and cannot be transferred or alienated. Swan vs. Gayle, 24 Ann. 502-; Chamblais vs. Miller, 15 Ann. 713.

2. The resolutory action is a personal action and prescribed by ten years from the first default in the payment of the purchase price. C. C. 3544, 11 Ann. 654, and cases cited.

3. The prescription of personal actions is not suspended by minority, 24 Ann. 211, and if it is, this suspension is personal to the minor, 6 Ann. 684, and does not pass to his transferrees and cannot be pleaded by them.

4. This action grows out of proceedings in the matter of the minority and tutorship of plaintiffs, and is prescribed by four years  C. C. 302; 6 L. 161; 19 Ann. 149. This prescription against one of the plaintiffs runs from the date of her emancipation. C. C. 385 12 Ann. 155; Proctor vs. Hebert, 36 Ann. 250. In computing prescription against the rights of the deceased sister, the prescription which accrued against her must be added to the prescription which was run against plaintiffs. Smith vs. Gibbon, 6 Ann. 684. The defendant has the right to plead these prescriptions. C. C. 3466; 8 Ann. 504; 19 Ann. 149

5. Good faith is always presumed. C. C. 3481, and when once commenced continues, C. C. 3482, recitals in a title will not destroy it. 7 Ann. 3. Defendant purchased from those not only whom he believed to be the true owners, but who, in point of fact, were so. He is a purchaser in good faith, C. C. 503, 3451, and can owe no rent prior to suit, C. C. 508, 3453; 16 Ann. 290, and is entitled to his improvements. 27 Ann. 398.

6. Minors' property and rights may be alienated or changed by the advice and consent of a family meeting, C. C. 229, 339, and where the formalities of law have been complied with, they are the same as persons of age. C. C. 1868, 2231; 1 Ann. 236; 9 Ann. 428; 15 Ann. 148; 28 Ann. 299; 32 Ann. 956.

7. Where one parts with his property upon the faith of judicial proceedings in matters of minority, he is protected by said proceedings. 1 H. 924, No. 13; 16 L. 120; 32 Ann. 954. Equity will regard as done what should have been done. 6 Ann. 91, 117; 28 Ann. 100.

8. Where notes, which are owing by the tutor to his ward, become due and exigible during the term of the tutorship, they are considered in law as paid, as so much cash in the hands of the tutor for which he is responsible as tutor, and which is secured by the legal mortgages resulting from tutorship. Succession of Triche, 34 Ann. 1148; Succession of Hebert, 27 Ann. 300  35 Ann. 546.

---

The opinion of the Court was delivered by

WATKINS, J.  Allen Castle died in the parish of St. Helena in the year 1861, leaving a surviving widow and three children, viz: Florida, John Benjamin, and Nettie—all minors.

The widow qualified as their natural tutrix, and in that capacity administered the succession of her deceased husband.  During the minority of the children she intermarried with W. D. Floyd, without first obtaining the consent thereto of a family meeting.  Thereafter proceedings were inaugurated for the partition of certain real estate of Allen Castle's succession by licitation and public sale.  W. D. Floyd became the purchaser upon the terms fixed by the order of court, viz: upon terms of credit, one, two and three years; and he executed his notes accordingly, with mortgage retained.

This partition sale occurred on the 8th of August, 1867.

The sundry notes were divided or partitioned between Mrs. Floyd and her three children according to their respective interests, and in the proportion of one half to Mrs. Floyd, and to each of the children one third of one half.

Plaintiffs claim that these notes were never paid.

In 1871, Floyd sold the land to K. K. Thompson, who is now in possession.

In 1875, Florida Castle died intestate and without issue, and her mother, Mrs. Floyd, inherited one fourth of her estate, and her brother, John B., and Nettie, each one half of three fourths.

John B. Castle became of full age in 1881. In 1882, Nettie Castle married W. H. McClendon. In 1884, John B. Castle conveyed to McClendon all of his right, title, interest, claim and pretension in and to the successions of his deceased father, Allen Castle, and his deceased sister, Florida Castle.

In 1885, this suit was brought by John B. Castle and Nettie Castle, wife of W. H. McClendon, for the resolution of the *partition sale*, for the non-payment of the purchase price by W. D. Floyd; and Mrs. E. S. Floyd individually and as tutrix for the minor children of herself and W. D. Floyd, now deceased, were made defendants; and also K. K. Thompson.

Thompson excepted that John B. Castle had *no interest* in the suit, having transferred his interest in the successions of his father and sister to W. H. McClendon; and further, that the plaintiffs' petition discloses *no cause of action*.

Thereupon McClendon offered to make himself a party, in lieu of John B. Castle, and by order of the judge *a quo* he was substituted in his place and stead, and annexed his title thereto, bearing date 29th of December, 1884. To this ruling the defendants reserved a bill of exceptions, on the ground that John B. Castle was now legally and rightfully a party to this suit—he having transferred all of his rights and interests to McClendon antecedent to the institution of the suit— and, he never having been himself a party, no one could be *substituted* in his place.

In our opinion the ruling of the judge *a quo* was erroneous.

This Court had recent occasion to decide same question just the other way, in Barron vs. Jacobs, not yet reported.

John B. Castle had conveyed his interest to W. H. McClendon— Nettie Castle's husband—*antecedent* to institution of this suit, and no one could be called to take his place.

Nettie Castle was then the only plaintiff in the suit when it was brought, and the question presented is whether the partition discloses a cause of action for the resolution of the partition sale.

We entertain no doubt of the plaintiffs' right to sue for the resolution of the *partition* sale, quite as well as of a sale under private signature. 1 Ann. 440, Jones vs. Crocker.

There is no question of the fact that the *heirs* of Allen Castle, at his death, acquired his succession in the same state it was when he died.

The heirs of a deceased person are seized of his succession at the very instant of his death, and the right of possession that the deceased had, continued in them, with all of its defects and advantages; the change in the proprietor producing no change in the nature of his possession.

An interest in a succession may be disposed of at public or private sale, and the purchaser takes the place of the heir whose interest is thereby conveyed.

In either case an heir, or the transferee of an heir, would acquire the right of deceased *pro tanto* only, to sue for the resolution of a sale his ancestor had made, or of one made of his estate for the non-payment of the price.

That right would pass as any other asset of the deceased.

But we do not concede that it can be fairly deduced from that fact that the *simple indorsee* of a note evidencing a part of the purchase price would thereby acquire the *seller's* right to sue for the resolution of the sale.

We have been cited by plaintiffs' counsel only to one case in which it has been so decided, viz: Torregano vs. Segura, 2 N. S. 159. In that case it was the *security* who was *himself personally bound for* the payment of the debt, who discharged it, and by virtue of his legal subrogation to all of the creditors' rights, claimed the property by the resolutory action. Suffice it to say that he was not an indorser for value.

In our opinion the two remedies of the vendor—one for the enforcement of the contract and the other for the resolution of it—are diametrically opposed, in the very nature of things.

A suit to enforce the vendor's lien is an affirmance of the contract; while a suit for the resolution of it must be preceded by the *restitution of the purchase notes and such part of the price as shall have been paid to the vendee,* and same is a condition precedent to institution of the suit. 23 Ann. 354, George vs. Knox; 24 Ann. 537, Templeton vs. Pegues; 15 La. 76, Canal Bank vs. Copeland.

In 9 Ann. 84, Augusta Insurance Company vs. Packwood, it was said that "to effect a rescission of the sale, so as to replace the parties in the same position as if a sale had never been made, the parties to the *sale* and *rescission* should be the same."

In 7 Ann. 67, Léflore vs. Carson, the Court said: "If the sale from McDonald to Messrs. Payne is to be rescinded, this cannot be done without restoring the *vendor* and the *vendees* to their *original condition.* The dissolving condition, says the Code, is that which, when accomplished, operates the revocation of the obligation, placing matters in

the *same* state as though the obligation had not existed. * * * How is Butler to replace matters in *statu quo?* He is the *mere holder of one of the notes.* He is *not the vendor,* nor anything more than one holding *partial rights* of the vendor."

R. C. C. 2561: "If the buyer does not pay the price, the *seller* may sue to rescind the sale."

C. N. 1654: "If the purchaser does not pay the price, the *seller* may demand the annulment of the contract."

C. N. 1692: "The sale or cession of a *credit* comprises the accessories of the credit, such as *security, privilege,* and mortgage."

The "sale of a credit"—one of the purchase notes—passes all of the securities and means of its enforcement; but the right to resolve the sale for the non-payment of the price—"credit"—is necessarily inherent in the *seller,* or his heirs.

In 12 Ann. 699, Johnson vs. Bludworth, the Court said: "But it is impossible to confound the resolutory condition with the vendor's privilege. The former is not a mere appendage of the latter."

In Swan vs. Gayle, 24 Ann. 503, the Court said: " The action for the resolution of the sale implies and presupposes the *renunciation* of the right to demand the payment of the price."

Again: " Now, a right which cannot be exercised, so long as another right exists, cannot be the accessory of the latter."

Again: " He did not by buying the notes take the place of Filhiol in the contract of sale, else the purchaser of a negotiable note, given for the price of the property, would become the *warrantor of* the title to the property. A proposition which leads to such a conclusion ought not to be sustained by a court of justice."

These conclusions appear to our minds almost irresistible.

We are of the opinion that the foregoing decisions are consistent with the object to be attained by the resolution of the contract, the *restitutio ad integrum*—the replacing of parties in the *same situation* they occupied before it was made.

While it is true this action descended to us from the Roman law, yet under that system of jurisprudence the resolution of a sale for the non-payment of the price could not be demanded, unless there was an express stipulation in the contract to that effect; and when it was thus stipulated, the contract was *void ab initio,* if not fulfilled by the payment of the price.

Under our law the resolutory condition is *implied* in every commutative contract, and the failure of the vendee to pay the price only

renders the contract *voidable.* 6 Ann 4, Chretien vs. Richardson; 15 La. 76, Canal Bank vs. Richardson; R. C. C. 2046.

We are inclined to the opinion that the right of resolution inheres in the *seller,* and feel satisfied that it does not pass to the simple indorsee of purchase notes, like security, mortgage and privilege, which are auxiliaries, for the *enforcement* not the resolution of the contract.

Even conceding the right of McClendon to have himself substituted for John B. Castle, as a party plaintiff, the plaintiffs' petition discloses no cause of action for the resolution of the partition sale of the 8th of August, 1867, because the plaintiffs, when thus joined, only ask for the resolution of the sale as to *one undivided half interest.*

This is impracticable and cannot be done. How can the plaintiffs restore the *statu quo* or bring about the *restitutio ad integrum*?

We think they cannot.

Suppose this Court should grant plaintiffs the relief prayed for and resolve the partition sale with respect to an undivided one-half interest, would not their one-half interest thus restored to them, as the heirs of Allen Castle, become at once subjected to the vendor's lien, and mortgage securing the *remaining* purchase notes held by the defendant, Mrs. Floyd, the surviving wife of Allen Castle?

This Court so decided expressly in 23 Ann. 411, Stuart Hyde & Co. vs. Madame Suzette Buard, and we think correctly.

We prefer to follow the doctrine announced in 24 Ann. 503, Swan vs. Gayle. In our opinion, it finds support in other decisions we have cited; though in that case the question was treated as *res nova.* In so far as there may be any expression in the opinion of the court, in 1 Ann. 440, Jones vs. Crocker, indicating a contrary view, the same is overruled.

The opinion herein expressed on other questions, dispenses us from the necessity of considering the plea of prescription urged.

It is, therefore, ordered, adjudged and decreed, that the judgment of the court *a quo* be amended and that the demands of plaintiff for the rescission of the partition sale be rejected, and that all costs be taxed against the plaintiffs and appellants.

## CONCURRING IN PART.

BERMUDEZ, C. J. This is an action for the resolution of sales, on account of the non-payment of the price.

It is brought by one of the heirs of Allen Castle and by a transferree of the interest of the other.

The averments are that two tracts of land belonging to the succession having been sold to effect a partition, the notes furnished were divided among the heirs and the widow, the property passing from the adjudicatee to Thompson & Freeman, who are made defendants; that the failure on their part to pay the purchase price justifies a resolution of the sales. *The widow is not a party plaintiff.*

The defense is a denial of the pretensions of plaintiffs; specially that, by his purchase of the interest of one of the heirs in the price of sale, the transferree, in the absence of an express stipulation, did not acquire the right to ask the resolution on the ground of non-payment of the price of sale; that even then, the right of action is barred by prescription.

The right to enforce the resolutory action in a contract of sale is peculiar to the civil law and has been so rarely exercised in this State, by others than the vendor, that only two cases directly present the interesting question: whether the right is transferred to the purchaser of the claim *without* an express assignment of it.

In Torregano vs. Segura, 2 M. N. S. 158, the plaintiff was the endorser of a note given for the piice of slaves and having paid it, claimed as subrogee to the rights of the vendor, the dissolution of the sale and delivery of the property to himself. The Court say: "The *subrogation is of the right of the creditor, not against the debtor only* but also against the securities, and like a transfer of the debt it includes everything that is accessory thereto as securityship, privileges, mortgages. The rescission of the sale is a means of securing the payment which the vendor, the creditor of the price, has. This right is an accessory of the claim and would pass by the sale or transfer of it. The subrogation has the same effect."

Swan vs. Gayle, 24 Ann. 498, was an action by the endorsee of notes representing the unpaid price of property and the Court at first held that the action was maintainable on the authority of the Torregano case supplemented by George vs. Lewis, 11 Ann. 654, where it was said the resolutory action is a concurrent remedy with a suit to enforce the vendor's lien. But on rehearing, the ruling was reversed, and it was held by a divided court (two dissentients) that the right to dissolve the sale is not an accessory of the notes for the unpaid price, and does not pass to a third party by the transfer of them. And in this last opinion was cited Citizens' Bank v. Cuny, 12 Rob. 279, where the Court said, the vendor's privilege gives the seller a right to the rescission of the sale on the non-payment of the price, and he by transferring the notes parted with the accessory rights which vested in the plaintiffs as

the holders of the notes. This was cited only to observe that it, as well as the passage quoted already from the Torregano case, was said only *arguendo* and was not authoritative.

The expressions in both cases are pertinent and necessary to the decisions, with such contrariety of opinion it is obvious that the question cannot be considered as settled by our own jurisprudence. As art. 2645 of our Revised Civil Code is identical with art. 1692 of the Code Napoleon, it is natural to turn to the French commentators for light and guidance.

They are found differing as much as this Court.

Duranton holds that the resolutory action is not comprehended in a general cession, but only passes, by a special cession of it and cites Sirey, Delvincourt and Dalloz. *Code Civil Annoté*, art. 1692, p. 749. However Dalloz does not support that *dictum*. On the contrary he affirms that, if the cession is general, without any restriction, it will comprehend the action in resolution unless it appears that the intention of the parties is to exclude it. This is his language;—"Si le vendeur a cédé en termes généraux tous ses droits et actions contre l'acquéreur sans rien spécifier mais sans faire non plus aucune restriction, la cession comprend les actions en nullité et en rescision ou résolution, à moins qu'il n'apparaisse, d'après les circonstances, que l'intention commune des contractants a été d'exclure ces actions de la cession. Paris Ed. 1874. Com. art. 1692 C. H.

Marcadé argues with his usual dogmatic energy that the right to dissolve the sale for non-payment is not even an accessory of the right to demand payment of the price and of course does not pass by a transfer of the notes that represent the price. Laurent opens his discussion with the statement that the question is very much controverted and there is some doubt about the true solution of it, but he adopts the opinion that the right to dissolve the sale is not comprised in the cession of the obligation for the price. Authors are divided, he says, as well as jurisprudence and the question is not settled. *Droit Civil*, to. 24, p. 529 § 535.

On the other hand, Toullier says when the terms of the cession are general and absolute it is impossible to admit any exception and all rights are transmitted to the cessionary, and as an example he adds that the right of a seller to demand the resolution of the sale on default of the payment of the price is ceded to him to whom he sells the credit. *Droit Civil Francais*, to. 2 § 222, pp. 274-5.

So also Rogron concludes with reason that a cession of the credit that represents the unpaid price of an immovable includes the right

to demand the resolution of the sale.  Com. art. 1692 C. N., and Solon-
is of the same opinion.  Sur la nullité, to. 1. § 450, p. 311.  Gilbert in
his *Codes Annotés*, p. 809, art. 1692 C. N. says a general cession com-
prehends the rescinding and rescissory actions, and besides Solon, cites·
as sustaining that opinion Duvergier, Troplong, and Persil.

If the French commentators are equal in authority on both sides·
and resort is had to independent reasoning, it is not perceptible why
the right to dissolve the sale for non-payment of the price should not
pass to the buyer of the credit, as well as the right to enforce the pay-
ment of the price, through the vendor's lien, for why should the one
be deemed to pass by a general transfer of the credit and not the
other?  Both are means of compelling the buyer to perform his ob-
ligation.  The buyer's obligation is to pay the price or restore the·
property.  The action to enforce the vendor's lien compels the pay-
ment of the price, or failing that, the sale of the property, in order·
that the price may be realized.  The action to dissolve the sale for·
non-payment of the price compels the restitution of the property with-
out the intervention or medium of a forced sale of it.  If the one is.
transferred by the transfer of the credit that represents the price·
(and all authorities agree that it is) what reason in logic or in law can
there be for holding that the right to dissolve the sale must be spec-
ially transferred or it will not pass by the transfer of the credit that
represents the price.  The French commentators, so acute in discern-
ing refined distinctions and sometimes pushing them to the verge of
metaphysical subtlety, divide on the question as each holds the right
to be an accessory or not of the principal obligation, but where the·
vendor has two remedies or rights, it appears inconsistent and techni-
cal to require a special transfer of one while the other passes by a gen-
eral transfer..

It may be said that the right to dissolve the sale for non-payment·
of the price ought to be exercised by the seller and by no one else, for·
if he sells the credit that represents the price he has received the price
of his property in the sum he gets for the credit.  But this is an argu-
ment for the non-transferribility of the resolutory action.  Now all the
writers hold that the action is transferrible.  The difference between
them is that some hold the transfer must be special and others that it·
need not be.

Again, if the transferrer of the claim for the price does not transfer
the right of resolution of the sale because of non-payment of it among
his other vendor's rights, the buyer of the property might be exposed
to two actions by two parties—one by the transferree for the price, the

other by the seller for the dissolution of the sale for non-payment and thus two suits might go on *pari passu*. Must judgment be rendered in each, or will one exclude the other? And will in the latter case the transferree or the seller be compelled to give way?

While I consider that the right to sue for the resolution of the sale passes *without* special mention, I believe that it does not pass, where the entire claim for the price is not transferred and that it cannot be exercised, unless by the person or persons who represent the whole claim.

As the entire claim is not represented in this suit, I think that plaintiffs' demand must be dismissed.