## No. 205.

### W. E. HAMILTON ET AL. vs. STATE NATIONAL BANK.

A judicial mortgage attaches to real property of the debtor and affects third persons on registry of the judgment.

A voluntary transfer subsequently made by the debtor to one who was then a creditor for the unpaid price of sale of such property to such debtor, in consideration of the return of the note, and who had not acquired, from the original vendor, the right to demand the nullity of the sale, in case of non-payment of the price, does not discharge the judicial mortgage.

The property thus transferred passed *cum onere* and is liable to be subjected to the payment of the judgment.

APPEAL from the Second District Court, Parish of Bossier. *Drew*, J.

*Snider & Smith* for Plaintiffs and Appellants:

Mortgagos and privileges are extinguished and confused when the creditor acquires the ownership of the thing subject to the mortgage and privilege. R. C. C. 3277, 3411; 15 Ann. 407; 25 Ann. 559, 560; 34 Ann. 1032, 1035; 33 Ann. 454, 463.

A conventional sale or exchange, although made in satisfaction of a prior mortgage, does not discharge or extinguish existing mortgages. The sale must be judicial to have that effect. Ayrand vs. Babin, 7 N. S. 471.

A consent sale in consideration of a prior mortgage does not defeat subsequent mortgages. The property passes *cum onere* and the younger mortgage may be enforced against the immovable in the hands of the third possessor.

The right to have the sale dissolved for non-payment of its purchase price does not pass with the transfer of the note of the purchaser. Swan vs. Gayle, 24 Ann. 501 to 504; 9 Ann. 84; Heirs of Castle vs. Floyd, 38 Ann. 583 and authorities there cited.

The general denial only puts at issue the facts necessary to plaintiff's recovery. Heirs of Wood, vs. Nicholls, 33 Ann. 749, and authorities there cited.

Extinguishment of mortgages by effect of the dissolving condition is analagous to that of payment, release, etc.; it is a plea that must be specially pleaded. 33 Ann. 479 and authorities.

The general denial reduces the controversy betwein the parties to the question of the truth or falsity of plaintiff's allegations. The petition alleged that defendant is the owner and third possessor of the land in controversy and that said lands are subject to plaintiff's mortgage, and that the defendant admitted on the trial that plaintiff's mortgage is valid and an existing judgment against C. C. Nowell and that the same was recorded as a mortgage against him, Nowell, while he was the owner of the land; the answer shows that said Nowell is the author of defendant's title. Defendant has admitted the mortgage versus the land and has not shown that it was lifted.

Litigants must be held closely to their pleadings, and courts will decide the issues as made by the pleadings and nothing more.

A sale or exchange from the debtor to the creditor in consideration of a prior mortgage will not erase nor affect subsequent mortgages unless the purchaser be the wife of the vendor.

*J. H. Keyser* for Defendant and Appellee.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an action to enforce a judicial mortgage against property belonging to the defendant bank.

The material facts as ascertained from the admission of the parties, are the following:

On March 20, 1878, Connell sold the property to Nowell for $4070, for which he issued his note due November 1st, 1879. The act was recorded.

On September 21st, 1878, following, plaintiffs obtained a judgment against Nowell for $2102.67 with interest and subject to a small credit, which was recorded three days afterwards.

On December 10th, 1881, Nowell transferred the property to Payne, who had acquired the note, the consideration of the conveyance being the *return* of the note of the latter to the former.

On July 31, 1883, Payne transferred the property to Payne, Kennedy & Co., who, on February 11, 1887, conveyed it to the bank defendant herein.

The plaintiffs pray merely that their judicial mortgage be recognized and enforced by the sale of the property, in default of abandonment of it by the bank. Their averments are denied and title is claimed by the defendant. The appeal is taken from a judgment adverse to plaintiffs.

The question presented is simply, whether the mortgage resulting from the registry of plaintiffs' judgment against Nowell has continued to attach to the land, notwithstanding the transfer of it by Nowell to Payne.

It is clear that, as the property stood in the name of Nowell at the date of the recording of the judgment, the judicial mortgage did affect it.   R. C. C. 3328.

It is also clear that, had not Connell transferred the note and had he not been paid the same, he could have brought a suit to annul the sale and that the property would have returned to him free from the judicial mortgage in favor of plaintiffs.   19 L. 30; 3 Ann. 217; 6 Ann. 2; 12 Ann. 699; R. C. C. 2045, 2046, 2047, 2561; 8 L. 83.

But the fact is, that Connell did transfer the note to Payne but did not at the same time, confer on him the right to demand the nullity of the sale in case of non-payment of the price.

The transfer of the property by Nowell to Payne must not therefore be viewed as though made to Connell.   38 Ann. 583.

It consequently follows that the property has not passed *free* from the judicial mortgage, but that it was conveyed *cum onere*.

It has been held and properly too, that, even where a sale is annulled by agreement between the original parties, whatever its validity may be as to them, the retroversion does not necessarily affect third persons. Ricks vs. Goodrich, 3 Ann 217.

In a subsequent case, Mr. Justice Rost delivered an interesting and learned opinion in which it is distinctly reannounced that, where the retrocession is the voluntary act of the parties, the rights of third persons are not always affected thereby.   Chretien vs. Richardson 6 Ann. 2.

In a more recent suit, decided by the present Court, the following language was used :

"If the parties desire to substitute the voluntary for the judicial rescission and to give to the former the extraordinary effect of revoking the contract *ab initio* and of obliterating all claims and privileges of third persons against the property, which may have been acquired during the possession of the purchaser, we are satisfied they were bound to comply, in their voluntary act, with all the requirements which the law would have imposed in the judicial proceeding.   The purchasers had no authority to abandon or even to compromise the rights secured to them by law to the prejudice of a creditor who, by seizure or orthewise had acquired a privilege on the property."

This exposition of the law rests on conservative principles, followed by all civilized nations.   *Sic utere tuo, etc.*   R. C. C. 11, 1989.

Had the sale, under judicial process, taken place and the property not realized more than enough to satisfy the vendor's claim, necessarily the judicial mortgage would have ceased to affect the property which would then have passed unincumbered to the adjudicatee.

Under the circumstances of this case, it is manifest that *a fortiori* the *voluntary* transfer does not affect such third persons, as it was made, *not* to the original vendor, but to one who was only a creditor for the unpaid price of sale and who had not been subrogated to the right of the vendor, to demand the nullity of the sale on account of non-payment of the price and the less so, as in this instance, suit had been brought to enforce payment, pending which the debtor transferred the property *in consideration of the return of the note.*

In Castle vs. Floyd, 38 Ann. 583, this Court held that the right to have the sale rescinded owing to the non-payment of notes representing the purchase price, did not pass with the note without a special agreement to that effect.

It is perhaps proper to state that the suit brought to enforce payment had been instituted by Payne, Kennedy & Co., a firm of which Payne was a member and for which he had acted, and that, when the property was conveyed to him during the proceedings, it was in reality for account of the firm.

We therefore conclude that the judicial mortgage claimed by the plaintiffs ought to have been recognized and that, in default of a surrender of the property, or satisfaction of the debt, the judgment must be enforced by sale.

We do not pass upon any mortgage or other rights, if any, which may be asserted adversely to plaintiffs, as no issue on that subject was presented by the pleadings.

It is therefore ordered and decreed that the judgment appealed from be reversed, and that there be now judgment in favor of the plaintiffs recognizing the judicial mortgage claimed by them on the land described, and that, in default of payment of that judgment or surrender of the property, the same be seized and sold, after compliance with all legal requirements, to satisfy the judgment in capital, interest and costs in both courts.

Fenner, J. takes no part.