LAND, J.
 

 This is a sequestration suit in which plaintiff claims the ownership of 240,-000 feet of lumber, alleged to have been manufactured by defendant company at its sawmill on plaintiff’s property near Quebec in the parish of Madison in this state.
 

 Plaintiff claims that the timber out of which the lumber was manufactured was willfully and knowingly cut and removed by
 
 *885
 
 defendant company from tracts of land owned by plaintiff, and prays for judgment recognizing plaintiff as the owner of the lumber sequestered, and also for judgment for the market, price of a carload of lumber, alleged to have been shipped from Madison parish to defendant company at Dyer, Tenn.
 

 Defendant denies that plaintiff is the owner of the lumber in dispute, and sets up title to the timber cut and removed.
 

 Plaintiff has appealed from a judgment rejecting his demands, dissolving the writ of sequestration, and reserving to defendant the right to sue plaintiff and his surety on the sequestration bond for damages for the wrongful seizure of defendant’s property.
 

 Plaintiff alleges that on February 5, 1916, he and his co-owner, Mrs. O. C. Ward, sold to G. S. Blanche all of the growing timber located on the land in question, with the right of removal within five years, and that, since the date of the expiration of the five-year period, defendant company has trespassed upon the property by cutting and removing the timber out of which the lumber seized in this case was manufactured.
 

 If the state of facts alleged .by plaintiff were all of the facts in the case, it is clear that the timber remaining on the land at the expiration of the five-year period would belong, to plaintiff and his co-owner. Savage v. Wyatt Lumber Co., 134 La. 627, 64 So. 491; Woods v. Union Sawmill Co., 142 La. 554, 77 So. 280; S. C. Ward v. Hayes-Ewell Co., 155 La. 15, 98 So. 740.
 

 But the chain of title to the timber set up by defendant company shows:
 

 First. That 6. S. Blanche sold the same timber to A. M. Blanche by deed dated July 17, 1918, and granted to him the same time to remove it that had been allowed to Blanche in his purchase from the Wards. Defendant’s No. 4.
 

 Second. That 6. S. and A. M. Blanche sold the same timber to Hayes-Ewell Company, defendant, by deed dated March 22, 1919, to be removed within the same time. Defendant’s No. 5.
 

 Third. That plaintiff, S. C. Ward, and Mrs. C. O. Ward sold to A. M. Patterson the land by deed, dated October 17, 1917, for the price of $40,000. Of this sum, $1,000 was paid in cash, and the balance was secured by, ten mortgage notes, each for $3,900, due annually thereafter.
 

 At the date of this deed, defendant, HayesEwell Company, had until February 5, 1921, to remove the timber. Defendant’s No. 8.
 

 Fourth. That, while A. ,M. Patterson was the owner of the land, he extended the time for cutting the timber from February 5, 1921, to December 25, 1925. This extension was granted May 2, 1921, in an act evidencing a crop lien and chattel mortgage in favor of defendant, Hayes-Ewell Company, to secure advances made to Patterson to enable him to raise and gather the crops of that year.
 

 Plaintiff concedes in his brief that when Patterson bought the land October 17, 1917, for $40',000, he acquired all the reversionary rights to the timber. It is stated in the Act of May 2,
 
 1921, that the extension to
 
 December 25, 1925, for the removal of the timber was granted as a part of the consideration for the advances made by defendant, HayesEwell Company to Patterson for that year.
 

 On May 6, 1923, Patterson reconveyed the entire property to S. C. Ward, “now the holder of all of said above described notes,” because of the inability of the vendee to pay the balance of the purchase price of $39,000, which was secured by mortgage notes. The sole consideration of the reconveyance was the cancellation of the mortgage and of the mortgage notes, and the return of the latter to the vendee.
 

 Plaintiff contends that this reconveyance was a voluntary retrocession of the property, and that as vendor he had the right to take back the property sold to Patterson free of
 
 *887
 
 all mortgages and incumbrances resulting from the possession of the vendee.
 

 It is true that: “Whenever a cause of resolution of contract exists, a party may do that voluntarily -which he can be compelled to do by suit. No one is compelled to defend a suit unjustly.” Chretien v. Richardson, 6 La. Ann. 2; Shields v. Lafon, 7 La. Ann. 135; Hamilton v. State Nat. Bank, 39 La. Ann. 934, 3 So. 126.
 

 The difficulty, however, which confronts plaintiff, is that he is without any right to demand a dissolution of the sale in the' present case for nonpayment of the balance of the purchase price, and Patterson, the purchaser, was without any right, therefore, to retro-cede the property to idaintiff voluntarily, or without suit.
 

 Plaintiff has only an individed half interest in the property, which was acquired by him under a deed from T. C. Ward and G. M. Semms of date May 5, 1915.
 

 In Heirs of Castle v. Floyd, 38 La. Ann. 583, 589, it is held that the resolution of a sale as to an undivided half interest cannot-be had.
 

 “This is impracticable,” said the court, “and cannot be done. How can the pláintiffs restore the status quo or bring about the restitutio in integrum? We think they cannot.”
 

 In Augusta Insurance Co. v. Packwood, 9 La. Ann. 84, it was said that: “To effect a rescission of the sale, so as to replace parties in the same position as if a sale had never been made, the parties • to the sale and rescission should be the same.”
 

 Article 2045 of the Civil Code expressly declares that: “The dissolving condition is that, which, when accomplished, operates a revocation of the obligation, placing matters in the same state as though the obligation had not existed.”
 

 Mrs. C. O. Ward, co-owner and .covendor with plaintiff, is not a party to the act of so-called retrocession of the property made by Patterson to plaintiff. Her undivided half -interest in this property has not been acquired by plaintiff, as far as the record in this case discloses.
 

 In Ware v. Berlin, 43 La. Ann. 537, 9 So. 491, it is said:
 

 “Both parties in fact demand the dissolution of the sale.
 

 “A restitutio in integrum must be made. The vendor must return the portion of the price paid, with interest from the date of payment, the credit price represented by the notes, and pay for improvements of a permanent nature, and the vendee must return the property with its revenues. C. C. art. 2045; School Directors v. Anderson, 28 La. Ann. 739; McKenzie et al. v. Bacon et al., 41 La. Ann. 6, 5 So. 640.”
 

 Neither plaintiff nor Patterson has voluntarily done that which each could have been compelled to do in a suit for rescission of the sale. Plaintiff has not returned the purchase price with interest, and Patterson has not returned the revenues. The retransfer of the property to plaintiff, therefore, was not a retrocession, but a mere reconveyance, and without effect in so far as defendant company’s rights are concerned.
 

 Article 2561 of the Civil Code declares that: “If the buyer does not pay the price, the seller may sue for the dissolution of the sale.”
 

 This article was amended by Act 108 of 1924 by adding to the original article: “This right of dissolution shall be an accessory of the credit representing the price, and if it be held by more than one person all must join in the demand for dissolution; but if any refuse, the others by paying the amount due the parties who refuse shall become subrogated to their rights.”
 

 As the reconveyance made to plaintiff by Patterson took place May 6,1923, prior to the passage of Act 108 of 1924, this act has no
 
 *889
 
 application to the present suit, which was filed September 18, 1923.
 

 Judgment affirmed.
 

 THOMPSON, J., takes no part.