### ESCAT v. KRAUS et al. *
#### No. 14006.

Court of Appeal of Louisiana. Orleans.
April 18, 1932.

Deynoodt & de la Vergne, of New Orleans, for appellant.

John J. Wingrave, of New Orleans, for appellees.

### WESTERFIELD, J.

This is an hypothecary action in which it is alleged that the plaintiff, Joseph Escat, obtained a judgment against Joseph Barro, in the sum of $209.77, with 8 per cent. interest per annum from the 26th day of April, 1929, which, at the time this suit was filed, together with costs of court, amounted to the sum of $269.51; that a certified copy of said judgment was duly recorded in the office of the recorder of mortgages for the parish of Orleans on the 16th day of July, 1930, in Book No. 1432, folio 61; that, at the time said judgment was recorded, petitioner's debtor, Joseph Barro, was the owner of a certain lot of ground in the city of New Orleans more fully described in the petition; that notwithstanding the recordation of petitioner's judgment and the resulting judicial mortgage in his favor the property described in the petition has been conveyed to Johannah Kraus, wife of Frank J. Gairens, and to the said Frank J. Gairens, who are now in the possession and ownership thereof; that petitioner's judicial mortgage remains unpaid and that he has made legal demand upon the judgment debtor for the payment of the debt and has notified the third possessors to that effect; that ten days have expired since notification to the third possessors and that he has in vain demanded the payment of the judgment from his judgment debtor. He prays that Mr. and Mrs. Frank J. Gairens be ordered to deliver the property to the civil sheriff for the parish of Orleans in order that the same may be sold to satisfy his hypothecary debt and, in default of such delivery, he have judgment against Mr. and Mrs. Frank J. Gairens in the sum of $269.51, with interest, etc.

Defendants filed an exception of no cause of action which was overruled. They then answered admitting the receipt of the notice and demand for payment of the plaintiff's claim, but denied that any debt was due. They averred that they purchased the property upon the faith of a certificate of the recorder of mortgages which failed to reveal any judicial mortgage in plaintiff's favor and claimed judgment in reconvention in the sum of $60 for attorneys' fees.

There was judgment below dismissing both the main and the reconventional demands, and plaintiff has appealed.

■ It appears that Mr. and Mrs. Frank J. Gairens, on July 19, 1930, acquired from Joseph Barro by act before John J. Wingrave, notary public, the property which, it is claimed, was subject to a judicial mortgage in plaintiff's favor; and that on July 14th an unsigned and undated certificate from the recorder of mortgages for the parish of Orleans was obtained in the name of Joseph Barro, and that the certificate failed to disclose any mortgage resting upon the property other

*Rehearing denied May 16, 1932.

than one in favor of the Acme Homestead Association; that on the 19th of July, 1930, just before the act of sale was passed, the certificate was sent to the mortgage office to be dated and was erroneously dated July 20, 1930, July 20th being a Sunday. In the interval between the obtaining of the undated certificate and the passage of the act of sale, that is to say, on July 16, 1930, plaintiff recorded his judgment which had been obtained in the parish of Plaquemines on the same day. The undated certificate of the recorder of mortgages issued on the 14th day of July could not disclose plaintiff's judicial mortgage for the reason that it was not recorded until two days later, that is to say, July 16th; but the certificate erroneously dated the 20th of July and issued on the 19th of July should have reported the encumbrance for the judgment had been recorded three days prior thereto. It may be, as suggested in argument, that the clerk in the office of the recorder of mortgages erroneously inscribed the judgment as against Joseph Barre instead of Joseph Barro, and from the copy of the judgment supplied the recorder, which is in the record, the "o" in Barro is somewhat blurred in the type, but it is clear to us from an examination of the other "e's" and "o's" in the instrument that the latter is quite evidently intended as "o" and not as "e"; but, be that as it may, the result of the recordation of plaintiff's judgment was to create a judicial mortgage in his favor, the effect of which cannot be destroyed by any error on the part of the recorder of mortgages or his deputy. The argument made at the bar to the effect that plaintiff's right of action, if any, is one in damages against the recorder of mortgages and his surety on his bond is untenable for the reason that an error on the part of the recorder cannot release or destroy a mortgage which the law grants to plaintiff upon the recordation of his judgment in the mortgage office, consequently plaintiff has not been injured by the action of the recorder and has no cause of action against him. If the certificate issued on Sunday, the 20th of July, can be considered as the equivalent of one dated on the 19th of July, the day on which it was applied for, the defendants might very well claim reimbursement from the recorder of any amount which they might be compelled to pay to release plaintiff's mortgage which still bears upon their property, but that question is not before us at this time.

Plaintiff's mortgage was effective from the date of its recordation in the mortgage office, and it attached to all the immovables of his judgment debtor, including the property transferred to the defendants in this case, and plaintiff may exercise his right upon the thing mortgaged even as against third persons in whose hands the property may be found. Rev. Civ. Code, arts. 3282, 3321, 3322.

It follows that when defendants purchased the property they acquired it subject to plaintiff's judicial mortgage.

For the reasons assigned the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of plaintiff, Joseph Escat, and against defendants, Johannah Kraus, wife of Frank J. Gairens, and said Frank J. Gairens, condemning the said defendants to deliver and relinquish the property described in plaintiff's petition, in order that the same be sold by the civil sheriff for the parish of Orleans, in satisfaction of plaintiff's hypothecary debt, amounting to the sum of $269.51, with legal interest thereon from date of judicial demand, until paid and all cost of these proceedings; and that, in default of their doing so within thirty days from the finality of this decree, the said Johannah Kraus, wife of Frank J. Gairens, and the said Frank J. Gairens, be condemned to pay unto plaintiff the sum of $269.51 with legal interest thereon from date of judicial demand, until paid, and for all cost of these proceedings.

Reversed.