CRAIN, Judge.
The matter before us involves a posses-sory action filed by the appellant, T. Joe Calloway, against the defendant-appellee, Louis N. Taylor. Louis Taylor answered the possessory action and filed a reconven-tional demand in which he asserts his ownership of the property in question in the form of a petitory action. The trial court ruled in favor of the appellee on his recon-ventional demand and dismissed appellant’s main demand. From this decision the appeal is taken.
. The facts were resolved by written stipulation between the parties. In summary, the pertinent facts are as follows: Arthur B. Stevens had merchantable title to certain immovable properties situated in East Baton Rouge Parish described as follows:
“A certain lot or parcel of ground, together with all the buildings and improvements thereon situated in that subdivision of the Parish of East Baton Rouge known as VICTORIA GARDENS, FIFTH FILING, and being *157 more particularly described according to the official plan of said subdivision on file and of record in the Office of the Clerk and Recorder of the Parish of East Baton Rouge, Louisiana, as LOT NUMBER ONE HUNDRED NINETY-FIVE said Victoria Gardens, Fifth Filing, said lot measuring 69.61 feet front on Clinton Street by a depth of 125.40 feet on its easterly sideline and 124.29 feet on its west sideline and measuring 65.12 feet across the rear line; subject to a servitude of 7.5 feet across the rear and across the easterly sideline for public utility purposes.”
On June 27, 1969, judgment was rendered against Arthur B. Stevens in favor of the appellee, Louis N. Taylor, and in favor of Southward Veneer Company, Inc. in the principal amount of $42,320.00 in Suit No. 8532, “Arthur B. Stevens v. Louis N. Taylor,” 18th Judicial District Court, Parish of Pointe Coupee, State of Louisiana. The judgment was made executory in East Baton Rouge Parish in Suit No. 138,880, “Southwood Veneer Company, Inc. and Louis N. Taylor v. Arthur B. Stevens”, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, and was recorded on December 29, 1969, in Mortgage Book 2298, Folio 500 of the mortgage records of East Baton Rouge Parish. At the time of the recordation of this judgment, Stevens was the owner of the property in dispute.
On August 21, 1970, Arthur Stevens and his wife executed a Dation En Paiement to T. Joe Calloway who was the holder and owner of two collateral mortgage notes which were secured by collateral mortgages on the property in dispute which had been executed by Arthur B. Stevens and recorded prior to the recordation of the judicial mortgage in question. The first such mortgage was dated July 31, 1964, for $8,000.00 and recorded in MOB 1932, page 350. The second one was dated July 21, 1969 for $10,000.00 and recorded in MOB 2277, page 300 in the records of East Baton Rouge Parish. Both mortgages were filed and recorded in East Baton Rouge Parish prior to the judgment in favor of Louis N. Taylor and Southwood Veneer Company, Inc.
Subsequent to the Dation En Paiement, a writ of fieri facias was issued in execution of the Taylor and Southwood Veneer judgment and the property was seized. On July 7, 1971, the property was sold by judicial sale and adjudicated subject to all prior and existing liens to Taylor, the ap-pellee. Subsequently, a Sheriff’s deed was executed confirming the adjudication and recorded on November 19, 1971 in Conveyance Book 2202, page 347, of the official records of East Baton Rouge Parish.
Appellant apparently contended in the lower court that by virtue of the Dation En Paiement, he became the owner of the property free and clear of the judicial mortgage of the appellee and Southwood Veneer. The trial court upheld the Sheriff’s Sale pursuant to the writ of fieri fa-cias and found that the appellee was in fact the owner of the property having purchased it as adjudicatee at the sale.
The first issue presented for our determination is whether the judicial mortgage filed prior to the Dation En Paiement and while Stevens still owned the property attached to the property and followed it into the hands of the subsequent vendee, the appellant. The applicable statutory law can be found in Civil Code, Article 3399 and in the Code of Civil Procedure, Article 3741.
The creditors who have obtained a privilege or mortgage on immovables recorded according to law may pursue their claim thereon into whosoever’s hands the immovable may pass as provided in Article 2378 or in Articles 3721-3724 respectively, of the Code of Civil Procedure.
Article 3741 of the Code of Civil Procedure provides:
“A legal mortgage, after judgment on the original obligation has been obtained, a judicial mortgage, or a conventional *158 mortgage may be enforced without reference to any alienation or transfer of the mortgaged property from the original debtor, and the creditor may cause the property to be seized and sold as though it were still owned by the original debtor and in his possession.”
The law as developed m the jurisprudence is to effect that a judicial mortgage attaching to an immovable follows that immovable into the hands of subsequent transferees. Hamilton v. State National Bank, 39 La.Ann. 932, 3 So. 126; Thompson-Ritchie Grocery Company v. Cary, 17 La.App. 270, 135 So. 707 (2nd Cir. 1931); Escat v. Kraus, 141 So. 94 (La.App.Orl.1932).
Appellants cite no authority to show that this rule does not apply to Dation En Paiement in favor of a mortgage creditor such as in this case. In the case at bar, the appellant took the property subject to the prior recorded judicial mortgage. To hold otherwise would seriously prejudice the rights of inferior creditors as established in our law. It would allow a creditor to defeat the rights of inferior creditors without their securing the protection afforded them by judicial process and sale.
Since we feel that the judicial mortgage did attach to the property prior to the transfer, then by virtue of the Code of Civil Procedure, Article 3741, the judgment creditor had the right to enforce his mortgage regardless of the transfer. The writ of fieri facias was duly issued and the judicial sale subsequently consummated was sufficient to work a forced transfer of ownership from Stevens to the appellee who was the highest bidder.
The trial court was therefore correct in recognizing the ownership in the appellee and further recognizing his right to the possession of the property. We note that we have not been presented with any issue regarding the possible security rights of the appellant on the property.
For the reasons stated above, the trial court’s decision is affirmed.
Affirmed.