No. 6218.

SCHOOL DIRECTORS, ETC., VS. R. K. ANDERSON, ADMINISTRATOR, ET AL.

The plaintiffs have authority to prosecute this suit. They sue in behalf of the schools, and the inhabitants of the parish, and derive their authority from act No. 121 of 1861.

This is an ordinary action to dissolve a sale and recover rents, and defendants are duly cited. The portion of the petition in the nature of a rule to show cause was not acted on.

There is a cause of action fully set out. The demand to dissolve is one well known to our bar.

This is not an action of rescission, and is not in the cases provided for as contemplated by the article 1912, R. C. C.

The action for a dissolution, when a suit is necessary to enforce the resolutory condition, is a putting *in mora*, as it may be met by paying the price, and the judge may even grant a delay for such a purpose.

When the purchaser fails to comply with his engagements, the resolutory condition implied in all commutation contracts takes effect, and the seller has the right to sue for a dissolution of the sale.

The defense that, because the notes given as evidence of the price are prescribed, the action to dissolve is also prescribed, can not be considered as well founded.

The resolutory action is prescribed only by ten years, and the prescription of notes given as evidence of the price does not affect that right of action, the right to dissolve not being an accessory to but different from the right to enforce the payment of the price, having its origin in the failure to pay the price, and resting on the principle of justice that the vendee should not retain both the thing and the price.

A restitution *in integrum* must be made. The vendor returns the portion of the price paid, with interest from the date of payment, and the vendee returns the thing with its revenues.

The judge *a quo* properly allowed compensation for improvements to offset rents *pro tanto*, but erred in allowing interest on the rents, as it was not asked for. As considerable time has elapsed since the delay up to which the judge *a quo* allowed rent, this court will give the rent up to the date of delivery of the property.

APPEAL from the Thirteenth Judicial District Court, parish of Carroll. *Hough*, J. *E. H. Farrar, Montgomery & Deloney*, for plaintiffs and appellees. *Leonard & Kennedy*, for defendants and appellants.

ON MOTION TO DISMISS.

HOWELL, J. The plaintiffs sue to dissolve the sale of a sixteenth section to the ancestor of the defendants on the sixteenth of March, 1851, on the ground of non-payment of the price, and to recover rent from date of sale to date of its restoration at the rate of $1250 per annum. The following exceptions were filed:

First—That the plaintiffs are without authority to prosecute this suit.

Second—That the suit of plaintiffs is a proceeding unknown to the law, being neither a rule nor an ordinary action.

Third—That plaintiffs' petition discloses no cause of action.

Fourth—That the court has no authority to revise its own judgment after the time at which it was rendered except by action of nullity or rescission.

Which were overruled.

The defense is:

First—That defendants have not been put in default for the payment of the price.

Second—Prescription of five and ten years; and

Third—A demand for improvements and the portion of the price paid in case of dissolution.

Judgment was rendered dissolving the sale, giving rent at specified rates during different periods for the cultivated land, with interest thereon, and crediting the amount with the cash payments with interest, and the cost of clearing land, and making ditches and levees, leaving a balance of $3852 90 in favor of plaintiffs, and defendants appealed.

First exception. Plaintiffs sue in behalf of the schools and the inhabitants of the parish, and derive their authority from act No. 121 of 1861.

Second—This is an ordinary action to dissolve a sale and recover rents, and defendants were duly cited. The portion of the petition in the nature of a rule to show cause was not acted on.

Third—There is a cause of action fully set out. The demand to dissolve is one well known to our law.

Fourth—The demand to revise or review a former judgment of dismissal was abandoned.

The exceptions were properly overruled.

## On the Merits.

I. As to default. Defendants base this defense on article 1912, R. C. C., which is in these words: "The effects of being put in default are not only that, in contracts to give, the thing, which is the object of the stipulation, is at the risk of the person in default, but in the cases hereinafter provided for it is a prerequisite to the recovery of damages, and of profits and fruits, or to the rescission of a contract."

This is not an action of rescission, and is not in the cases provided for as contemplated by the article. The action for a dissolution, where a suit is necessary to enforce the resolutory condition, is a putting *in mora*, as it may be met by paying the price, and the judge may even grant a delay for such purpose. Arts. 2047, 2562. In George vs. Knox, 23 An. 355, we said: "The note maturing on the first of March, 1858, was not paid. At that moment, the purchaser having failed to comply with his engagements, the resolutory condition implied in all commutative contracts took effect, and the seller had the right to sue for the dissolution of the sale."

II. Prescription. It is urged that because the notes given as evidence of the price are prescribed the action to dissolve is also prescribed.

This identical question was presented in the case of Templeman vs.

Pegars, 24 An. 537, and was decided adversely to the pretensions of defendants. The considerations and arguments urged in this case have failed to work a change in our views of the question. We adhere to the opinion that the resolutory action is prescribed by ten years, and that the prescription of the notes given as evidence of the price does not affect that right of action, the right to dissolve not being an accessory to but different from the right to enforce the payment of the price, having its origin in the failure to pay the price, and resting on the principle of justice that the vendee should not retain both the thing and the price.

III. Revenues and improvements. A *restitutio in integrum* must be made. The vendor returns the portion of the price paid, with interest from the date of payment, and the vendee returns the thing with its revenues.

The evidence on these points is conflicting, and we are inclined to adopt the estimate of the district judge, who followed the rule first suggested, and properly allowed compensation for improvements to offset the rents *pro tanto;* but he erred in allowing interest on the rent, as it was not asked for. In this respect his decree will be amended. And as considerable time has elapsed since the date up to which he allowed rent, we will give the rent up to date of delivery of the property.

It is therefore ordered that the judgment appealed from be amended by striking therefrom the interest allowed on the annual rents, leaving the balance of $1016, instead of $3852 90, due plaintiffs. It is further ordered that plaintiffs recover rent on sixty acres of land at eight dollars per acre from 1875, as calculated in the judgment, to date of delivery to plaintiffs; and that as thus amended the said judgment be affirmed, appellees to pay costs of appeal.

WYLY, J., *dissenting.* In this case the important question is, can the seller demand the dissolution of the sale for non-payment of the price after delaying the action till all the notes evidencing the price have been discharged by prescription. The precise question was presented to this court in the case of Templeman vs. Pegars, 24 An. 537. The majority of the court held the affirmative of the proposition. I dissented. I adhere to the opinion delivered by me in that case.

The resolution of the sale can not be demanded unless the buyer is in default for the price. Here there is no obligation on the buyer to pay the price. He has been legally discharged from that obligation. How can one be in default for non-payment of the price when he has been legally discharged from the performance of that duty?

Default implies a dereliction of duty. To succeed in avoiding the sale, it seems to me, plaintiff must show that defendant is derelict in discharg-

ing the duty of buyer—that he is in default for non-payment of the price. Revised Code, 2549, 2561.

I can not conceive that the defendant was in default when this suit was brought, because the obligation to pay the price was discharged in one of the legal modes of discharging obligations. An obligation discharged by prescription or novation or voluntary remission or compensation is as thoroughly extinct as if discharged by payment or the enforcement of the dissolving condition.

As the buyer, in this case, is discharged from his obligation arising from the sale by prescription, I fail to perceive that there is any cause of action against him; there remains no obligation to be discharged by the effect of the dissolving condition, unless we assume the absurdity that the law exacts more than one discharge of a legal obligation.

"The obligations of the buyer are:

"First—To pay the price of sale.

"Second—To receive delivery of the thing, and to remove it, if it be an object which requires removal, and to indemnify the seller for what he has expended in preserving it for him."

Revised Code, 2549.

"If the buyer does not pay the price, the seller may sue to dissolve the sale." Revised Code, 2561.

"The prescription by which debts are released is a peremptory and perpetual bar to every species of action, real or personal, when the creditor has been silent for a certain time without urging his claim." Revised Code, 3459.

In the case at bar the thing having been delivered, the only obligation of the buyer was to pay the price; from this obligation he was legally released by the silence of the seller for a period exceeding five years. In my opinion, it is an utter absurdity to permit the enforcement of the dissolving condition, or any other remedy, to an obligation that has been legally discharged. There can be no remedy to an obligation which has ceased to exist.

The buyer is under no legal obligation to the seller; the law has released him; yet the court, in effect, says, because you (the buyer) are in default for the price, because your obligation exists and has not been satisfied, you are required and condemned to restore the thing to the seller; you are discharged, and you are not discharged; the law has released you fully from your obligation to the seller, yet you are bound to him; you must execute the contract, notwithstanding the law has released you from so doing. The logic of the argument surpasses my comprehension.

I therefore dissent in this case.

Rehearing refused.