<hr />

## No. 924.

### M. GONSOULIN vs. JOHN I. ADAMS & CO.

The right to dissolve a sale for the non-payment of the price is independent of the mortgage or vendor's privilege. It is conferred by the textual provisions of the Code, and this right may be exercised against the assigns of the vendee, for they could acquire only such rights as he had, taking the property *cum onere*.

But the record shows that more than ten years had elapsed between the date of the maturity of the first installment of the credit portion of the price and the institution of this suit. Obviously, when the buyer failed to pay the first installment of the price, the seller might have exercised his right to dissolve the sale for the non-payment of the price, and prescription against that right began to run from the moment when it might have been enforced. Therefore the plea of prescription is fatal.

APPEAL from the Third Judicial District Court, parish of Iberia. *Train*, J. *R. S. Perry*, for plaintiff and appellee. *Fred. Gates*, for defendants and appellants.

LUDELING, C. J. This is an action to dissolve a sale for the non-payment of the price, instituted against a third party who acquired a title at sheriff's sale under execution against the plaintiff's vendee, and also a petitory action.

The plaintiff alleges that he is the owner of the property, which was retroceded to him by his vendee for the non-payment of the price, and attacks the sale by the sheriff to the defendant on the ground that the

judgment debtor had not paid the price of the land and his title was defeasible, and the purchaser at the sheriff's sale acquired only such title as their debtor had.

The act of retrocession by Darden was made after the sheriff's sale, and when he had no right or interest in the lands. We will, therefore, leave out of view this retransfer.

The right to dissolve a sale for the non-payment of the price is independent of the mortgage or vendor's privilege. Swann vs. Gayer, 24 An. 502. It is conferred by the textual provisions of the Code: "If the buyer does not pay the price the seller may sue for the dissolution of the sale." C. C. 2561; Marcadé, vol. 6, p. 291. And this right may be exercised against the assigns of the vendee, for they could only acquire such rights as he had, taking the property *cum onere*. See 12 An. 778, 699; 23 An. 757.

The defendant has, however, interposed the plea of prescription of ten years in bar of this action. The record shows that more than ten years had elapsed between the date of the maturity of the first installment of the credit portion of the price and the institution of this suit. But the plaintiff strenuously urges that prescription against this right did not begin to run till after the maturity of the last installment, and ten years had not elapsed from that period.

Obviously, when the buyer failed to pay the first installment of the price the seller might have exercised his right to dissolve the sale for the non-payment of the price, and prescription against that right began to run from the moment when it might have been enforced. See George vs. Knox et al., 23 An. 355.

It is therefore ordered that the judgment of the lower court be annulled, and that there be judgment in favor of the defendants rejecting the plaintiff's demands with costs in both courts.

MORGAN, J., *concurring in the decree.* In January, 1861, plaintiff sold a certain piece of property to William J. Darden. To secure the payment of a portion of the price he reserved a mortgage and vendor's privilege.

Darden subsequently mortgaged the property to John I. Adams & Co. Under this mortgage the property was seized and offered for sale for cash. Not bringing two-thirds of its appraised value, it was re-advertised and sold on twelve-months bond. The defendants became the purchasers, and were put in possession.

Pending the proceedings under which the property was sold plaintiff filed a third opposition, in which he set up that the mortgage and vendor's lien held by him had never been extinguished; that the debt which it was given to secure had never been discharged; that his rights on the property were superior to those of Adams & Co., and he prayed that the

sheriff be ordered not to make any adjudication of the property except upon some lawful bid equaling or surpassing in amount the sum due to him, which he claimed to be paid to him by preference.

Upon this petition it was ordered:

First—That the third opposition be filed.

Second—That the sheriff be commanded to make no adjudication of the property seized unless some legal bid thereon amounting or surpassing the sum of twelve thousand dollars, with interest, shall have been made, and the sheriff was ordered to cause the payment in cash, on the day of sale, of the amount of his bid, which the sheriff was ordered to retain subject to the further order of the court.

This opposition was filed when the property was advertised for sale for the second time. The date of the filing was the twenty-sixth of February, 1873.

The sale took place on the sixth of April, 1873. Adams & Co. became the purchasers. No action was taken on the third opposition until the twenty-sixth of September following, when, on motion of plaintiff's counsel, the proceeding was dismissed. The sheriff then made out a deed to Adams & Co., dating it on the day of sale.

On the twenty-eighth of October, 1873, Darden, by public act, retroceded the property in question to Gonsoulin. Gonsoulin brings this suit under Darden's act of retrocession to annul the sheriff's sale to Adams & Co., and claims that the title to the property is in him.

In my opinion, when the act of retrocession was passed Darden had no interest in the property in question to sell, to give, or to retrocede.

That Adams & Co. had the right to cause the property mortgaged to them to be sold, is, I think, unquestionable. That the sheriff could convey title is, I think, equally clear. Certainly, the prior mortgage had the right to be paid by preference. He had even the right to insist upon the nullity of the sale if the property had not sold for a sufficient amount to pay his mortgage. But he does not claim the nullity of the sale on this ground. On the contrary, the proceedings which he took to secure his rights in that direction were by him dismissed. He sets up no claim in his pleadings except under the act of retrocession. He distinctly avers that the sale by the sheriff is null because of the retrocession. It seems to me that he must be held to his pleadings and his judicial proceedings, and that he must stand upon the title which he sets up, viz.: the act of retrocession, and I think that when that act was passed Darden had nothing to retrocede. As he had nothing, he could convey nothing, and his act to Gonsoulin was nothing.

I express no opinion as to the question of prescription, and concur in the decree for the foregoing reasons.

Rehearing refused.