LAND, J.
Mrs. Cora Roy, the second wife of' Emile Latour, Sr., of Ville Platte, parish of Evangeline, died in January, 1904. This suit was instituted in April, 1912, by four of her five heirs, to recover one undivided one-tenth each in three tracts of land in and near said town on the ground that they belonged to the community formerly. existing between the said Emile Latour, Sr,, and their said mother.
The petitioners alleged that their father, Latour, Sr., purchased said tracts of land in the year 1893, during his marriage with their mother, from his son Emile A. Latour, for the price of $1,200, represented by three notes, maturing, respectively, on January 1, 1891, 1895, and 1896.
Petitioners further alleged that in September, 1905, their father Emile Latour, and their half-brother, Emile A. Latour, entered into a fraudulent conspiracy to deprive them of their interest in said estate, and caused to be instituted a certain suit, entitled “Emile Arthur Latour v. Emile Latour,” in the district court of St. Landry parish, in which a judgment was obtained and confirmed on default, by the plaintiff therein, annulling the sale of said property made on July 19, 1893, for nonpayment of the purchase price.
Petitioners further alleged that, at the time of the institution of said suit, Emile La-tour owed only one of said notes; that the value of the property was far in excess of the amount of said note; and that said judgment was obtained without citation to the petitioners.
Petitioners further alleged that immediately thereafter Emile A. Latour transferred said property to Laure Latour, wife of Olivier E. Guillory, who has been in possession | of the property ever since the date of said judgment; that the said O. E. Guillory is now in possession of said property and has collected rents and revenues therefrom to the amount of $2,121, and is still collecting rents at the rate of $65.33 per month, and should be condemned to refund and pay to petitioners their verile shares of said rents.
Petitioners alleged that they had tendered to Emile A. Latour the sum of $S00, the amount due him by the community for the purchase price of said land.
Petitioners prayed for judgment annulling the judgment in said suit, and for judgment against Emile Latour, their father, in the sum-of $1,015.S5%, with legal interest from judicial demand.
. Defendant E. A. Latour filed a plea of estoppel based on allegations that the plaintiffs, in the previous- suit of E. A. Latour v. .Guillory et ah, reported in 130 La. 570, 58 South. 341, appeared as witnesses for the defendants therein, and testified to aid and assist them in maintaining their claim of ownership as against the respondent, plaintiff in said suit, and on further allegations that the plaintiffs had recognized the ownership of the said O. E. Guillory and wife by purchasing and leasing from them portions of the property in contest.
O. E. Guillory answered and, after pleading the general issue, averred that he had acquired one undivided half of the tracts in dispute from John H. Cole, and that he and his wife had acquired the other undivided half from Emile A. Latour and Alexander Miller on April 26, 1905.
As against the plaintiffs, O. E. Guillory claimed in reconv’ention:
(1) Amount of Marqueze judgment against Emile Latour. recorded as a judicial mortgage on the property in dispute.
(2) Amount of $9,250 for improvementá and betterments on the premises.
As against E. A. Latour, his codefendant, *345 O. E. Guillory, in tlie event of eviction, prayed for judgment over and against him, and also for damages aggregating $3,106.31.
The defendant Emile A. Latour filed an exception of no cause of action, and pleaded the prescription of one and four years, and in the alternative pleaded the general issue.
The exceptions were referred to the mer-. its. Emile Latour made no appearance, and as to him the case was tried on default. Plaintiffs disavowed and abandoned all ■claims to the undivided half interest in the property acquired by O. E. Guillory from Mrs. John H. Cole.
The case was tried, and there was judgment in favor of each of the plaintiffs for an undivided one-tenth of the undivided half interest in the three tracts of land acquired ■by O. E. Guillory from Emile A. Latour, and there was judgment in favor of E. Guillory against the plaintiffs for $4,625 for value of improvements, etc. There was also judgment in favor of O. E. Guillory against Emile A. Latour in the sum of $1,256.31 damages, and the further sum of $2,500, with 8 per cent, interest from April 26, 1906.
E. A. Latour appealed. Three of the plaintiffs have answered, praying that the judgment be amended by annulling the judgment of revendication in the suit of E. A. Latour v. Emile Latour, and by recognizing them as creditors of Emile Latour, Sr., and of the community formerly existing between him and Mrs. Cora Roy in the sum set forth in their amended petition. The same three plaintiffs subsequently appealed. See Record 20,235, of this court.
The record shows that in 1893 Emile Arthur Latour sold to his father the property in question for $1,200, entirely on a credit, and that no part of the purchase price was ever paid. In September, 1905, E. A. Latour, still holding the three notes, consulted and employed Mr. E. B. Dubuisson to annul the sale for nonpayment of the price. Mr. Dubuisson canceled and returned two of the notes and brought suit to annul the sale for nonpayment of the third mote maturing on January 1, 1896. Emile Latour,. Sr., was cited, but made no appearance. After default duly taken, judgment was rendered annulling the sale for nonpayment of the price.
All of the three notes were prescribed during the existence of the community.
[1] The right of action to annul the sale for nonpayment of the purchase price was also extinguished by prescription. This right of action accrued at the maturity of the first note on January 1, 1894, and was prescribed on January 1, 1904. Gonsoulin v. Adams & Co., 28 La. Ann. 598; George v. Knox, 23 La. Ann. 355.
[2-4] It follows that the community had a perfect legal defense against both the notes and the action to annul the sale, and that the surviving husband had no authority whatever to renounce prescription, to the prejudice of the heirs of his deceased wife. The title of the heirs, on the death of their mother, attached at once to an undivided half of the property in dispute, subject to the right of community creditors. , Thompson v. Vance, 110 La. 26, 34 South. 112; Bessier v. Herwig, 112 La. 539, 36 South. 557.
The surviving husband did not represent the heirs of the deceased wife. As to them the judgment obtained by E. A. Latour was without citation and did not affect their rights in and to the property. As against Emile Latour, Sr., the judgment is final, as he had the right to waive or renounce prescription as far as he was concerned. The evidence shows that at the date of the so-called revendication the property was considered very valuable; portions of it being worth several hundred dollar's per acre by reason of the near advent of a railroad into the town of Ville Platte. The record shows that about the same time E. A. Latour sold to Mrs. O. E. Guillory one-half interest in the property for $5,000.
*347 The revendieation was based on a prescribed note for $400; and the proceedings and judgment worked a fraud on the rights of the plaintiffs. The authorities cited by counsel for E. A. Latour have no application to this case. On the plea of estoppel urged by the defendant E. A. Latour, the judge a quo said:
“The plea of estoppel by conduct on the part of the plaintiffs has no merit whatsoever.
“The record shows that the plaintiffs, except one, have always remained on the property; that they were led to believe by the defendants Guillory and Latour that everything that was being done was being done in their interest; that their title to the property had never been divested; that they were the owners of their interest inherited from their mother therein, which could not be partitioned because their father ha'd the usufruct of the same; not only are they not estopped but Guillory and Latour, by leading the plaintiffs to believe in the existence of a certain state of facts and taking advantage of their ignorance, should not now be heard to set up a plea of estoppel as to plaintiff."
These statements of the judge a quo are fully sustained by the evidence.
In the brief of counsel for defendant E. A. Latour, they say:
“There should be an end to all litigation, and we shall insist in this brief upon only two points raised in his pleadings: First, the estoppel urged against these plaintiffs; and, second, the legal proposition that the judgment of revendication was binding upon the heirs of Cora Roy, the deceased wife of Emile Latour.”
Having held that both of these propositions were correctly decided below, it follows that the judgment against E. A. Latour must be affirmed.
We do not think that the plaintiff appellees have any good reasons to complain of the judgment, which in effect sets aside the judgment of revendieation as far as they are concerned. As to the money demand of the plaintiffs against their father, it is a debt against the community, which, as yet, has never been settled and liquidated according to law.
The judgment rendered in favor of O. E. Guillory against E. A. Latour will operate pro tanto as a set-off against the judgment heretofore rendered by the Supreme Court, in favor of Latour. See 130 La. 570, 58 South. 341.
It is therefore ordered that the judgment below be affirmed; costs of his appeal to ‘be paid by E. A. Latour, and costs of their appeal to be paid by the plaintiffs.
PROVOSTY, J., absent on account of sickness, takes no part.