ELLIS, Judge.
Arthur L. Robinson filed this suit seeking, in part, the “resolution and dissolution” of a certain contract dated December 30, 1949. This contract granted unto Mrs. Jessie Yula Robinson Danna an exclusive franchise to manufacture and distribute Barq’s beverages in the City of Baton Rouge and in certain specified parishes in the general vicinity of said city. The same type of exclusive rights was granted to Jesse L. Robinson for the entire State of Louisiana with the exception of Washington Parish in an earlier contract granted by Edward Barq, Sr., and dated July 31, 1934. The contract under attack was based upon the 1934 contract. As provided by the terms of the earlier contract, Jesse L. Robinson’s rights were inherited, upon his demise, by decedent’s widow, Mrs. Marie Vicknair Robinson, and three children, Arthur L. Robinson, the plaintiff-appellant herein, Mrs. Betty Gloria Robinson LeBlanc and Mrs. Jessie Yula Robinson Danna. Plaintiff-appellant herein, who will be referred to hereinafter as Mr. Robinson for the sake of brevity, sued his sister, Mrs. Danna, and Barq’s Beverages of Baton Rouge, Inc., to resolve the 1949 franchise contract on the basis that the contract had been breached. He also joined his mother and his other sister as party defendants under the provisions of Article 644 of the Louisiana Code of Civil Procedure since they would not join him as plaintiffs in the suit. This was done after defendants filed an exception of nonjoinder of necessary parties under Article 643 of the LSA-Code of Civil Procedure and an exception of vagueness as to the amount of damages claimed. Plaintiff amended his petition to reserve the right to claim damages after an accounting which was to be made during the course of the proceedings.
Defendants then filed a peremptory exception of prescriptions of five and ten years. After a hearing was held on the exception of prescription, defendants’ exception was sustained by the District Court. Counsel for plaintiff perfected a devolutive appeal to this Court from the adverse judgment rendered.
The main question before this Court, on appeal, is whether or not the District Court properly sustained defendants’ exception of prescription. Actually, two' breaches of contract were alleged and evidence was heard on both of them. The articles setting forth the alleged breaches of contract read as follows:
“3.
“On December 30, 1949, petitioner along with Mrs. Marie Vicknair Robinson and Mrs. Betty Robinson Le-Blanc, entered into an agreement with Mrs. Jessie Robinson Danna, whereby they granted unto Mrs. Danna the right to manufacture, sell and distribute soft drinks under the name of ‘Barq’s’ in an exclusive territory consisting of the Parishes of East and West Baton Rouge, East and West Feliciana, Livingston, St. Helena, Pointe Coupee and Iberville, all in the State of Louisiana.
“4.
“This agreement, annexed to this petition as Exhibit ‘B’, expressly stipulated that the rights and privileges therein granted to Mrs. Danna were personal to her and she would have no right to transfer these rights and privileges, the original grant unto petitioner’s father being likewise expressly personal to him and his heirs.
“5.
“Nevertheless, and despite the said stipulation, Mrs. Danna thereafter transferred the rights and privileges thus granted to her to a corporation domiciled and having its principal office in Baton Rouge, Parish of East Baton Rouge, Louisiana, known as Barq’s Beverages of Baton Rouge, *145 Inc., the exact date of the transfer being unknown to petitioner but well known to defendants.
“6.
“Moreover, Mrs. Danna and the same corporation have caused beverages carrying the name of 'Barq’s’ to be sold and distributed in parishes outside the exclusive territory granted to her, particularly in the parishes of Tangipahoa, Avoyelles, Assumption, Ascension, La-fourche, and St. James, and are presently and continuously engaged in such extraterritorial sales.”
Counsel for plaintiff-appellant made the following assignment of errors on appeal:

“ASSIGNMENT OF ERRORS

“I. THE LOWER COURT ERRED IN HOLDING THAT THE CAUSE OF ACTION FOR DISSOLUTION OF THE CONTRACT AROSE MORE THAN TEN (10) YEARS PRIOR TO THE INSTITUTION OF THE SUIT.
“II. THE LOWER COURT ERRED IN REJECTING APPELLANT’S DEMANDS FOR IN-JUNCTIVE RELIEF.”
For the purpose of the trial of an exception of prescription which is based upon the face of the pleadings, all pertinent allegations of the petition are accepted as true. Succession of Smith, 182 La. 389, 162 So. 21. Applying this general rule, the defendants herein have admitted, for the purpose of their exception of prescription, that the alleged breaches were actually committed. The testimony and evidence submitted in connection with the trial of the exception are directed to the pertinent dates of the alleged breaches as related to the date on which this suit was filed, which was October 22, 1963.
Counsel for plaintiff makes certain observations concerning the pertinent Louisiana law in regard to resolutory actions and exceptions of prescription in his appellant brief which are concise and to the point:
“A resolutory condition is implied in all commutative contracts, to take effect in case either of the parties do not comply with his engagements, in which event the party complaining of the breach may sue for dissolution of the contract with damages, Civil Code Article 2046. And this legal principle applies whether the agreement be termed a donation or an onerous contract, Garcia v. Dulcich [237 La. 359], 111 So.2d 309, or whether or not there be an express stipulation for resolution, Orleans Parish School Board v. Manson, 241 La. [1029] 1049, 132 So.2d 885. In such cases, the proper action is for resolution of the contract and for damages and the applicable prescription is ten years from the date the cause of action arose, Marek v. McHardy, 234 La. 841, 101 So.2d 689. Where prescription is urged by way of an exception and as a defense, the party-pleading it has the burden of presenting sufficient legal evidence to substantiate the plea, and no presumptions, may be made in favor thereof, Ludlam v. International Paper Company [La.App.] 139 So.2d 67.”
Counsel for plaintiff heavily relies upon the case of Edwards v. White, 34 La.Ann. 989. In that case, the plaintiff voluntarily-remitted a promissory note falling due on-January 1, 1871, in September of 1881, and then filed suit for resolution on the basis, of non-payment of the second note falling due on January 1, 1872, prior to January 1, 1882. A plea of prescription was brought and the court observed that:
“On failure to pay the first instalment, plaintiff’s right of action to. *146 rescind undoubtedly accrued, but he was not bound to exercise it, and had •the unquestioned right to condone that ■breach of obligation and to renounce the right of action arising therefrom; and this he has unquestionably done in this case. Payment of that instalment 'by the vendee, at any time, would undoubtedly extinguish plaintiff’s right of action for breach of condition in not paying it when due; and so- the •extinguishment of the obligation in •any other mode, with the consent of the vendor, must have the same effect. After such extinguishment, no right of action to rescind remains in the vendor, ■except the right arising from the failure to pay the second instalment, and that action necessarily dates from the date of failure.”
This holding in the case of Edwards v. White, cited supra, was impliedly overruled by later cases, including the case of Latour v. Latour, 134 La. 342, 64 So. 133. In that case, the same procedure was used as was used in Edwards v. White in an attempt to defeat the running of prescription. The pertinent portion of the Supreme Court’s ■opinion reads as follows:
“The record shows that in 1893 Emile Arthur Lalour sold to his father the property in question for $1,200, entirely on a credit, and that no part of the purchase price was ever paid. In September, 1905, E. A. Latour, still holding the three notes, consulted and ■employed Mr. E. B. Dubuisson to annul the sale for nonpayment of the price. Mr. Dubuisson canceled and returned two of the notes and brought suit to annul the sale for nonpayment ■of the third note maturing on January 1, 1896. Emile Latour, Sr., was cited, but made no appearance. After default duly taken, judgment was rendered annulling the sale for nonpayment of the price. “All of the three notes were prescribed during the existence of the community.
“The right of action to annul the sale for nonpayment of the purchase price was also extinguished by prescription. This right of action accrued at the maturity of the first note on January 1, 1894, and was prescribed on January 1, 1904. Gonsoulin v. [John I.] Adams & Co., 28 La.Ann. 598; George v. Knox, 23 La.Ann. [354] 355.
“It follows that the community had a perfect legal defense against both the notes and the action to annul the sale, and that the surviving husband had no authority whatever to renounce prescription, to the prejudice of the heirs of his deceased wife. The title of the heirs, on the death of their mother, attached at once to an undivided half of the property in dispute, subject to the right of community creditors.”
There is no question here of defendants renouncing prescription. Therefore, it follows that in the case at bar Mr. Robinson could not legally condone a breach of contract alleged and relied upon in his petition as a resolutory condition, i. e., the transfer of personal rights by Mrs. Danna to the corporation in violation of her franchise contract. This result is particularly compelling under the facts presented in the case at bar since the plaintiff continued to rely upon said resolutory condition up to the time the exception of prescription was heard. On appeal, counsel for plaintiff apparently wishes to disregard or ignore this breach or to contend that it did not occur. This he cannot do.
A later case applying the principle recognized in the Latour case is the case of R. E. E. De Montluzin Co., Ltd. v. New Orleans & N. E. R. Co., 166 La. 822, 118 So. 33, from which we quote as follows:
“The action to enforce the resolutory condition is an action to enforce a part, whether expressed or implied, of *147 a contract. It is not an action to annul or rescind a contract, which may be based only on some vice existing ab initio in the contract, but to dissolve a valid contract by enforcing a condition, expressed or implied, in it. The action, although it may result in the recovery of immovable property, is regarded as a personal action, and as barred by the prescription, liberandi causa, of 10 years, established by article 3544 of the Civil Code, by which all personal actions not otherwise provided for are prescribed. George v. Lewis, 11 La.Ann. 654. That this prescription is applicable to the resolu-tory action, see, also, Jones v. Crocker, 1 La.Ann. 440; Hunter v. Williams, 16 La.Ann. 129; Gonsoulin v. [John I.] Adams & Co., 28 La.Ann. 598; School Directors v. Anderson, 28 La.Ann. 739; Latour v. Latour, 134 La. 342, 64 So. 133. This prescription begins to run the moment the cause of action to enforce the condition arises. In the contract before us no time is fixed within which defendant was to build the station. Such being the case defendant had a reasonable time, under the circumstances of the case, in which to comply with its obligation, say one, or even two years. No reason appears why it could not have consistently complied with the obligation it had assumed. Since over 40 years elapsed between that time and the bringing of this suit, without the making of an effort to enforce the resolu-tory condition contained in the act by which the property was transferred to defendant, it is clear that the action to enforce the resolutory condition is barred by the prescription of 10 years.” (Emphasis added)
Similarly, the case of Louis Werner Saw Mill Co. v. White, 205 La. 242, 17 So.2d 264, recognized the controlling rules in resolutory actions:
“The failure of the vendee to pay the price is a ‘dissolving condition,’ or a ‘resolutory condition’; it is an event which gives to the creditor an absolute right to sue for the dissolution of the sale. This right is inherent in all credit sales. It is grounded upon the just and equitable principle that the vendee should not be permitted to withhold the price and keep the things. The contract of sale ‘is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself’.
“Revised Civil Code, Article 2439. The principal obligation of the buyer is ‘To pay the price of sale’. Revised Civil Code, Article 2549. When the vendee fails to pay the price, he defaults on his obligation, the contract is breached, and the vendor may, under the articles of the Code, sue for its dissolution. The effect of the dissolution is to place ‘matters in the same state as though the obligation had not existed’. The vendor gets the property back, and the vendee is discharged from his obligation to pay the price. If he has paid part of the price, that which he has paid is restored to him.
“In the case of School Directors v. Anderson, 28 La.Ann. 739, this court, following the ruling in Templeman v. Pegues, 24 La.Ann. 537, held that the resolutory action is prescribed only by 10 years, and that ‘the prescription of the notes given as evidence of the price does not affect that right of action, the right to dissolve not being an accessory to but different from the right to enforce the payment of the price, having its origin in the failure to pay the price, and resting on the principle of justice that the vendee should not retain both the thing and the price’.
“In the case of Latour v. Latour, 134 La. 342, 64 So. 133, it was held that ‘An action to annul a sale for nonpayment *148 of the price is barred by the prescription of ten years, which, in cases of credit sales, begins to run from the maturity of the first installment’ (citing Gonsoulin v. John I. Adams & Co., 28 La.Ann. 598, and George v. Knox, 23 La.Ann. 354, 355).
"This court has repeatedly and consistently held that the action to dissolve a sale for the non-payment of the purchase price accrues at the moment the buyer defaults on the payment of the credit portion of the price. In the recent case of Louisiana Truck & Orange Land Co. v. Page, 199 La. 1, 5 So.2d 365, it was held that a suit to set aside a sale of real estate for nonpayment of the purchase price is a personal action and is prescribed by 10 years.”
The evidence elicited on the trial of the exception of prescription shows the following. Barq’s Beverages of Baton Rouge, Inc., was incorporated on November 16, 1949. Mr. Robinson was one of the incorporators of said corporation and was an officer and director of the corporation. He had full knowledge of the incorporation and of subsequent operations of the corporation, including the manufacture, sale and distribution of Barq’s beverages in the exclusive territory granted Mrs. Danna immediately after she received her contract on December 30, 1949.
It was properly noted by the trial judge that “if what Mrs. Danna did were a breach of that contract, the violation commenced more than ten years prior to the filing of this suit.” As noted above, the defendants admitted, for the purpose of trying this exception, that Mrs. Danna’s actions constituted a breach of the franchise contract under attack. Defendants were required by law to admit this breach for this purpose. Therefore, the preponderance of the evidence is to the effect that under plaintiff’s pleadings the first right of action that Mr. Robinson had for resolution of the franchise contract granted unto Mrs. Danna arose early in the year 1950. Subsequent breaches would not change the date the cause of action arose. Therefore, the ten year prescriptive period applicable to the resolutory action brought herein ended several years before this suit was filed.
Counsel for plaintiff raises the question of whether or not verbal agreements between all parties to the franchise contract allowing extensions or extraterritorial distributions of Barq’s beverages from the Baton Rouge plant on a temporary basis could suspend the running of prescription of a resolutory action on the second breach alleged, i. e., extraterritorial distributions in violation of the franchise contract. Since more than ten years ran between the date of the first breach of contract relied upon, as set forth hereinabove, and the filing of the instant suit, it is net necessary for this court to consider the second series of breaches relied upon by the plaintiff.
Counsel for plaintiff also requested that his right for injunctive relief, originally prayed for in the alternative, be reserved to him on appeal. This right was denied in the lower court. The trial court reserved his rights to sue for damages and we believe that his rights to injunctive relief should have also been reserved.
Accordingly, the judgment of the District Court is amended and it is now ordered that plaintiff’s right to injunctive relief be reserved and in all other respects the judgment of the trial court is hereby affirmed.
Amended and affirmed.