hWALTZER, Judge.

STATEMENT OF THE CASE

The sole issue before this Court is whether Whitney National Bank of New Orleans can receive the benefit of two prescriptive statutes, La.R.S. 6:1124 and former La.R.S. 10:4-406 to further limit consideration of claims by its fiduciary client, Myriam Robinson, for violation of the custodial agreement entered into between Whitney and Robinson in November 1977.
This Court held in Robinson v. Whitney National Bank, 96-0628 (La.App. 4 Cir. 10/23/96), 683 So.2d 847, writ denied 96-2807 (La.1/6/97), 685 So.2d 120 that Robinson’s claims arising prior to 29 July 1982 are prescribed under La. C.C. art. 3499, the ten year liberative prescriptive period for personal contracts. This Court held that Robinson had a duty to exercise reasonable care and promptness in examining her bank statements and items to discover forgery or unauthorized signatures, and found prescription had not been interrupted by the doctrine of contra non valentem non currit praescriptio.
The case was remanded to the trial court for disposition of claims arising after 29 July 1982. Whitney asserted the prescriptions of La.R.S. 6:1124 (Acts 1991, No. 581, Section 1) against Robinson’s claims for breach of fiduciary duty, and as to additional claims based on unauthorized distributions from her custodial account, Whitney asserted the three year prescription of La.R.S. 10:4-406(4). The trial court held that La.R.S. 6:1124 provides that any claim for breach of fiduciary responsibility of a financial institution may be asserted only within one year of the ^first occurrence thereof, and applied the statute retroactively. As to the unauthorized distributions from Robinson’s custodial account, the trial court found that Robinson had at most three years from- the time her bank statements were made available to assert claims based on unauthorized dealings with her account. Having made no claim within that prescriptive period, all of Robinson’s claims for unauthorized distributions were held to have prescribed.

STATEMENT OF THE FACTS

In April of 1977, Myriam Robinson married Pierre Villere. In November of 1977, she entered a custodial arrangement with the Whitney by which Whitney would place “the proceeds of any collections of income” in the checking account and “the proceeds of any collections of principal shall be held pending instructions.” Through the years, the principal, over a million dollars of stocks and bonds, was depleted, allegedly upon the oral and written instructions of Pierre Villere to the Whitney Trust Department, and in contravention of the agreement between Robinson and Whitney. Thereafter, suit was filed on 29 July 1992, alleging the Whitney breached its fiduciary duty to Robinson.

STANDARD OF REVIEW

Appellate courts are to construe prescriptive and peremptory statutes strictly against prescription and in favor of the claim *939 that is said to be extinguished. Security Center Protection Services, Inc. v. All-Pro Security, Inc., 94-1317, p. 12 (La.App. 4 Cir. 2/23/95), 650 So.2d 1206, 1214.
^Likewise, former La.R.S. 10:4^406, as special interest legislation enacted in derogation of a bank customer’s fiduciary rights vis-a-vis her bank, is to be strictly construed against prescription.

FIRST ASSIGNMENT OF ERROR: The trial court erred in applying La.R.S. 6:1124 retroactively to hold that Robinson’s breach of fiduciary claims had prescribed one year from the first alleged breach in July, 1982, although a ten year prescriptive period governed and the statute did not come into existence until 6 September 1991.

In the trial court, Whitney based its claim of retroactive application on the legislative history of La.R.S. 6:1124, which states that the Act is intended to be “clarifying in nature” and applicable to “prior and now existing relationships and transactions involving financial institutions.” However, this interpretation of the legislative history runs afoul of two rules of statutory construction: first, that retroactive application of a new prescriptive period can be constitutional only if the Louisiana legislature has expressly included a grace period in the prescriptive statute, Maltby v. Gauthier, 506 So.2d 1190, 1193 and n. 5 (La.1987); and second, that the statute and its legislative history should be interpreted, if possible, in such a way as to preserve the statute’s constitutionality.
Whitney abandoned its La.R.S. 6:1124 argument on appeal, and urges in this Court that Robinson approved and participated in a course of conduct whereby her husband managed her affairs and was aware from the first alleged breach of this course of conduct, thus tolling the prescriptive period in early 1978. Whitney relies on New Hotel Monteleone, Inc. v. First National Bank of Commerce, 423 So.2d 1305 (La.App. 4 Cir.1982) and Robinson v. Barq’s Beverages of Baton Rouge, Inc., 172 So.2d 143 (La.App. 1 Cir.), writ denied, 247 La. 871, 175 So.2d 108 (La.1965).
Whether and to what extent Robinson approved and participated in the depletion of her Whitney custodial account is an eviden-tiary matter properly resolved by trial on the merits, and not on an exception of prescription. The Monteleone and Barq’s cases do not support a finding that prescription of the twenty-five claimed breaches, which occurred over a period of approximately eighteen months, was tolled at the time of the first breach of the custodianship contract. This ease involves separate breaches, each of which gave rise to separate damages of a specific amount.
Monteleone was a suit for rescission or reformation of an air-conditioning and water contract between New Hotel Monteleone and the First National Bank of Commerce for property leased by the hotel to the bank. Thirteen years after the contract was entered into, the hotel’s cost of supplying these utilities to the bank had risen materially, and the hotel sought to reform the contract to recover its utility costs. This Court affirmed the trial court’s judgment maintaining the bank’s exception of prescription, noting that by 1967, the utility cost had risen nearly twenty-five percent, and it should have been apparent to the hotel that its fixed price contract would not provide for reimbursement of its actual costs. Since the hotel’s suit to rescind the contract for error was filed more than ten years after the facts supporting its allegation of error had become readily apparent, this Court found prescription had run. Unlike the hotel, Robinson does not seek rescission or reformation of the custodianship contract. She seeks specific damages caused by specific breaches of the contract that occurred less than ten years prior to institution of her suit.
\ ¡Barg’s was a resolutory action based on breach of a franchise contract. The relief sought was an injunction against further breach or resolution of the contract. This is similar to the relief sought by the hotel, but distinguishable from that sought by Robinson herein. This Court held in Barq’s, 172 So.2d at 148, that the preponderance of the evidence is to the effect that under plaintiff’s pleadings the first right of action that plaintiff had for resolution of the franchise contract granted by Barq’s to Mrs. Dana arose early in the year 1950, and subsequent *940 breaches would not change the date the cause of action for resolution of the agreement arose. Barq’s was not a suit for specific damages arising out of specific breaches of a contract.
In the first appeal in the instant litigation, this court limited the prescriptive effect of Robinson’s lack of diligence in the examination of her bank statements to claims arising prior to 29 July 1982. We find nothing in Whitney’s argument that would justify extending this Court’s ruling beyond that date. SECOND ASSIGNMENT OF ERROR: The trial court erred in applying former La.R.S. 10:4r-406 to the oral transactions and monthly statements which are not “items” within the meaning of the statute which provides a three-year prescriptive period for forgery, unauthorized signature, unauthorized endorsement or alteration of an “item.”
The trial court disposed of Robinson’s claims for breach of contract by applying the three year prescription found in former La. R.S. 10:4-406. During the relevant time period, that statute provided in pertinent part:
Sec. 4-406. Customer’s duty to discover and report unauthorized signature or alteration
(1) When a bank sends to its customer a statement of account accompanied by items paid in good faith in 1 (;Support of the debit entries ... or otherwise in a reasonable manner makes the statement and items available to the customer, the customer must exercise reasonable care and promptness to examine the statement and items to discover his unauthorized signature or any alteration on an item and must notify the bank promptly after discovery thereof.
******
(4) Without regard to care or lack of care of either the customer or the bank a customer who does not within one year from the time the statement and items are made available to the customer discover and report his unauthorized signature or any alteration on the face or back of the item or does not within three years from that time discover and report any unauthorized indorsement is precluded from asserting against the bank such unauthorized signature or indorsement or such alteration. (Emphasis added.)
What clearly emerges from the language of the statute is that the bank statement entries and the “items” are separate and distinct entities. The prescriptive period provided in La. R.S. 4-406(4) and the customer responsibility imposed in La. R.S. 4-406(1) are predicated on there being items bearing a signature or otherwise indicating upon what authority the bank may have acted, that are susceptible of being examined by the customer to determine their propriety. The requirement of an item is clearly not satisfied by a mere debit entry on the bank’s statement.
In the case at bar, had Whitney wished to take advantage of the three year prescription, it was obliged to insert appropriate memorializing items in each of Robinson’s bank statements showing when, in what amounts and upon what authority the transfers were made. Absent such documentation, Robinson had nothing in her bank statements that would alert her to the fact, alleged in her petition, that the transfers were being made in contravention of the specific terms of the custodianship agreement between herself and Whitney. At this stage of the 17proceedings, the parties have not been called upon to prove the various allegations concerning Villere’s oral instructions to the Whitney, and the various alleged breaches by Whitney of the terms of its agreement with Robinson. It is sufficient for our purposes to find that the Whitney has not brought itself within the protection of the prescriptive provisions of former La. R.S. 10:4-406(4). We express no opinion as to whether Whitney may be able to offer proof at trial that some of the transactions were supported by appropriate items that Robinson failed to review.

CONCLUSION AND DECREE

The judgment of the trial court maintaining exceptions of prescription under La.R.S. 6:1124 and former La.R.S. 10:4 — 406(4) as to claims arising after 29 July 1982 is reversed *941 and the matter is remanded for trial on the merits.

REVERSED AND REMANDED.