SCHOTT, Judge.
This is a suit by the seller, Pearl Corporation, of a house in New Orleans against the purchaser, George Albert Knesel, for dissolution of the sale based on LSA C.C. Art. 2561 because the purchaser did not pay the purchase price. The issue is whether the article applies where the purchase price consisted of a mortgage assumed by the purchaser and the note secured by the assumed mortgage had prescribed before the seller instituted its action to dissolve the sale. The trial court dismissed the seller’s suit and it has appealed.
The property was sold on June 18, 1971, for a price of $35,345.22 consisting of the purchaser’s assumption of a vendor lien and mortgage with a balance of $22,345.22, and a second mortgage with a balance of $13,-000. The sale contained the stipulation: “Purchaser hereby binding and obligating herself [sic] for the full and punctual discharge thereof, and when due, and assuming all liability thereunder.”
The purchaser made the required payments on the vendor’s lien mortgage but never made any payments on the second mortgage. The note secured by this mortgage was dated August 13, 1968, and was payable in full three years thereafter. By the time this suit was filed on January 28, 1980, the second mortgage note had prescribed by virtue of C.C. Art. 3540’s prescription of five years. In this court the seller relies on Mid-State Homes, Inc. v. Davis, 250 So.2d 836 (La.App. 4th Cir. 1971) in which this court held that the right to dissolve a contract of sale for non-payment of all or a part of the contract price is not lost simply as a result of the fact that the obligation to pay the note is extinguished by prescription. The cited case followed Louis Werner Sawmill Co. v. White, 205 La. 242, 17 So.2d 264 (1944). But in that case the Supreme Court held that the failure of the vendee to pay the price is a “dissolving condition,” or a “resolutory condition,” which gives the creditor an absolute right to sue for the dissolution of the sale under C.C. Arts. 2045, 2046, and 2047 even though the note representing the purchase price was prescribed.
However, the posture of the instant case is unlike that of the cited cases. In the *150 cited cases the purchasers were the makers of the note held by their sellers. Since the notes were not paid the price was not paid giving rise to the seller’s cause of action under C.C. Art. 2561. In the instant case, we have the assumption by the purchaser of a note given by the seller to a third party.
In the sale and assumption between these parties the agreed upon price was the assumption by the purchaser of the seller’s liability on the note held by the third party. Once the note prescribed the seller no longer had any liability on the note and the price was paid. This was as certain once the note prescribed as it would have been had the purchaser paid the balance due the third party. Consequently, the seller no longer had any right to bring an action to dissolve the sale for non-payment of the price.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
GARRISON, J., dissents and assigns reasons.