PRICE, Judge.
Plaintiffs, Thomas I. Hollanger, Jr., and Janet Bracewell Hollanger, appeal the granting of a summary judgment in favor of defendant, Tallulah Production Credit Association, which dismissed plaintiffs’ action to rescind the sale of immovable property to defendant, Hollanger Rice Farms, Inc., for non-payment of the purchase price.
The record establishes that on April 20, 1978, plaintiffs, Thomas I. Hollanger, Jr., and Janet Bracewell Hollanger, transferred immovable property located in Morehouse Parish, Louisiana, to defendant Hollanger and Bracewell Rice Farms, Inc., now known as Hollanger Rice Farms, Inc., a Louisiana corporation domiciled in More-house Parish, Louisiana. The sale was executed by act of “Cash Sale with the Assumption of Mortgage” which was duly recorded in the records of Morehouse Parish, Louisiana on April 24, 1978.
The act of sale recites that the price of the immovable property was one million four hundred thousand, two hundred and thirty-eight dollars and no/100 ($1,400,-238.00). Of this price, the amount of fifty-five thousand two hundred and thirty dollars and no/100 ($55,230.00) was paid in cash. The balance of the purchase price was represented by the assumption of the following indebtedness by the defendant-vendee:
(a) $598,078.00, represented by promissory note executed by Thomas I. Hol-langer, Jr. and Janet Bracewell Hollan-ger to R.B. Mardis and Stella Mardis, nee Winn, which promissory note is secured by a Vendor’s Lien and Mortgage dated the _ day of February, 1978 and recorded in Mortgage Book _ page _ of the records of Morehouse Parish, Louisiana.
(b) $610,000.00, represented by a promissory note dated March 10, 1978, which note is secured by a Mortgage by Thomas I. Hollanger, Jr. and Janet Bracewell Hollanger to Federal Land Bank of New Orleans, of even date and in a like amount which mortgage was recorded March 14, 1978 in Mortgage Book 276, Page 227 of the records of Morehouse, Louisiana.
(c) $25,000.00, represented by a promissory note executed by Thomas I. Hol-langer, Jr. and Janet Bracewell Hollan-ger, payable to the order of John Alvin DeBlieux dated March 10, 1978 which Promissory note is secured by a mortgage from Thomas I. Hollanger, Jr. and Janet Bracewell Hollanger to John Alvin DeBlieux of an even date and a like amount, and which said mortgage was recorded March 14, 1978 in Mortgage 276 page 237 of the records of Morehouse Parish, Louisiana.
(d) $112,000.00, represented by promissory note executed by Thomas I. Hollan-ger and Janet Bracewell Hollanger, payable to the order of Cord Enterprises, Inc., which promissory note is secured by a mortgage of an even date (March 10, 1978) and in a like amount and which Mortgage was filed for record, March 14, 1978 in Mortgage Book 276 Page 233 of the records of Morehouse Parish, Louisiana.
(e) The assumption of and agreement to reimburse Thomas Hollanger and Janet Bracewell Hollanger for any and all additional sums expended by them or for which they are presently obligated to pay in connection with their acquisition of this property including but not limited to Attorney’s fees, filing costs, amount expended for Federal Land Bank Stock and any and all other costs in connection with the acquisition of said property.
The sale contract states that “(t)he parties to this contract acknowledge that Thomas I. Hollanger, Jr. and Janet Brace-well Hollanger acquired this property for and on behalf of the Vendees herein in order to arrange financing and the purpose of this act of sale is to transfer the property to the Vendees at all of the actual cost involved in the acquisition of the property.”
*119 At the time the property was acquired, plaintiffs owned at least one half of the stock in the defendant-corporation. The remaining half of the stock was owned by Noel and Loraine Braeewell. However, it appears from the record that at the time of this action, plaintiffs are the sole owners of the defendant-corporation.
After the sale of property, the defendant-corporation executed a collateral mortgage in favor of defendant, Tallulah Production Credit Association, in the amount of one million five hundred thousand dollars and no/100 ($1,500,000.00) which was duly recorded in the records of Morehouse Parish, Louisiana on April 17, 1979.
The record reveals that the defendant-corporation paid a few installments due on the assumed mortgages but essentially has made no payments since 1979.
The plaintiffs later filed bankruptcy proceedings and the Second Amended Plan of Reorganization was confirmed by the United States Bankruptcy Court, Western District of Louisiana on June 2, 1981. In the plan, all claims and causes of action in favor of the plaintiff-debtors before the bankruptcy proceedings were reserved. The plan further provided that the plaintiff-debtors would be relieved of personal liability on the notes identified with the mortgages assumed by the defendant-corporation.
Plaintiffs then instituted this action to rescind the sale of the property to the defendant-corporation and to have the collateral mortgage executed in favor of defendant, Tallulah Production Credit Association, to be declared null and void.
Plaintiffs and defendant, Tallulah Production Credit Association filed opposing motions for summary judgment. The trial court granted defendant’s motion for summary judgment which dismissed plaintiffs’ action to rescind the sale for non-payment of the purchase price and to cancel the mortgage. The trial court held that as the plaintiffs were no longer personally liable on the mortgages assumed by the defendant-corporation by virtue of the bankruptcy order, then they were owed nothing and therefore had lost their right to rescind the sale.
On appeal, plaintiffs assert the following assignments of error:
(1) The trial court erred in finding that the plaintiffs’-vendors’ discharge in bankruptcy of debts assumed by the defendant-vendee constituted payment of the debt by the vendee to the plaintiffs.
(2) The trial court failed to order the sale from plaintiffs to the defendant-vendee rescinded for non-payment of the purchase price.
(3) The trial court failed to order the mortgage to defendant, Tallulah Production Credit Association, erased from the public records of Morehouse Parish, Louisiana.
The issue before this court is whether the trial court was correct in finding that the discharge in bankruptcy, whereby plaintiffs were relieved of personal liability on the indebtedness assumed by the defendant-corporation, effectively terminated plaintiffs’ right to rescind the sale. We conclude the trial court was correct and affirm the judgment for the following reasons.
La.C.C. Art. 2561 provides that “(i)f the buyer does not pay the price the seller may sue for the dissolution of the sale.”
The right of the seller to sue for the dissolution of the sale and the return of the property is not dependent upon the existence of a security device such as a mortgage or privilege. The effect of the dissolution is to place all of the parties in the same position they occupied prior to the sale. See Sliman v. McBee, 311 So.2d 248 (La.1975).
Plaintiffs argue that they reserved all causes of action in the bankruptcy order and that their discharge from personal liability did not terminate their right to rescind the sale under La.C.C. Art. 2561. Plaintiffs cite many cases in support of this argument, most important of which is Louis Werner Saw Mill Co. v. White, 205 La. 242, 17 So.2d 264 (1944). Defendant, *120 Tallulah Production Credit Association, argues that plaintiffs lost their right to rescind the sale by their discharge in bankruptcy and relies on the recent case of Pearl Corp. v. Knesel, 416 So.2d 149 (La.App. 4th Cir.1982) writ denied 420 So.2d 985 (La.1982).
In the Pearl Corp. v. Knesel case, supra, the buyer of the property assumed the seller’s obligations on two existing mortgages. The buyer paid one of the obligations so assumed but not the other and the note secured by the unpaid mortgage prescribed. The seller later sued to rescind the sale for non-payment of the purchase price. The court found that the agreed upon price in this sale was the assumption by the purchaser of the seller’s liability on a note held by a third party. The court found that “(o)nce the note prescribed the seller no longer had any liability on the note and the price was paid. This was as certain once the note prescribed as it would have been had the purchaser paid the balance due the third party. Consequently, the seller no longer had any right to bring an action to dissolve the sale for non-payment of the price” (at page 150).
In Louis Werner Saw Mill Co. v. White, supra, the property was sold to the buyer for $800.00 of which $400.00 was paid in cash and the buyer gave a note representing the unpaid balance which was due one year after the date of the sale. The note was not paid and the seller later brought suit to rescind the sale of the property. The court held that although the note itself had prescribed by the five year prescriptive period, the right to rescind was an independent personal right which was subject only to a ten year prescriptive period and thus the right to rescind the sale was still enforceable. Basically, the court found that the right to rescind is independent of the debt itself and survives the prescription of the note evidencing the obligation to pay the purchase price.
Although it appears at first glance that the decision in the Pearl Corp. case, supra, is inconsistent with the ruling enunciated by the Supreme Court in Louis Werner Sawmill Co., supra, the court in Pearl Corp., supra, made a valid distinction between the facts of the two cases which supported the application of a different rule of law.
In Louis Werner Sawmill Co., supra, the unpaid obligation which had prescribed was owed by the buyer to the seller. Therefore, a portion of the purchase price remained unpaid to the seller which gave rise to the seller’s cause of action under La.C.C. Art. 2561. On the other hand, in Pearl Corp., supra, the unpaid obligation was not owed by the buyer directly to the seller but was in fact owed to a third party. Therefore, when the note owed to the third party prescribed, the seller received what he contracted for in the act of sale, that is discharge from personal liability on the obligation which was assumed by the buyer as part of the purchase price.
This court finds that the facts of the Pearl Corp. case, supra, are similar to the instant case and the holding of the Fourth Circuit Court to be persuasive.
In the instant case, as in the Pearl Corp. case, supra, the buyer assumed obligations owed to third parties rather than to the seller. The bankruptcy order relieved plaintiffs of all personal liability on the obligations assumed by the defendant-corporation. Once the plaintiffs were relieved of any liability on these debts, they received all that they contracted for in the act of sale, that is, no further personal liability. Therefore, as to them, the purchase price had been paid and plaintiffs no longer had a cause of action to rescind the sale.
Plaintiffs correctly argue that a discharge in bankruptcy does not constitute payment or extinguishment of obligations which are discharged but merely serves to bar their enforcement by legal proceedings. See Earl v. Liberty Loan Corp. of West Monroe, Inc., 193 So.2d 280 (La.App.2d Cir. 1966), and Gumina v. Dupas, 178 So.2d 291 (La.App. 4th Cir.1965). However, the practical result of plaintiffs’ discharge in bankruptcy is the same as it would be had *121 the obligations been paid or otherwise extinguished, namely that the plaintiffs can no longer be judicially compelled to fulfill these obligations.
For these reasons, the judgment of the trial court in favor of defendant, Tallulah Production Credit Association, is affirmed at plaintiffs’, Thomas I. Hollanger and Janet Bracewell Hollanger, costs.